**KEYSTONE COAL MINING CORPORATION,**
Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WOLFE),**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1995.
Decided Jan. 25, 1996.

Phyllis T. Procopio, for Petitioner.

Blair V. Pawlowski, for Respondent.

Before DOYLE and SMITH, JJ., and MIRARCHI, Senior Judge.

DOYLE, Judge.

Keystone Coal Mining Corporation (Keystone) appeals an order of the Workmen's Compensation Appeal Board, which affirmed an order of the workers' compensation judge (WCJ) denying Keystone's petition to modify the benefits of James D. Wolfe (Claimant).

On October 12, 1992, in the course of his employment with Keystone, Claimant sustained an injury to his lower back. Thereafter, a notice of compensation payable was issued and Claimant began to receive $455.00 per week in benefits. Prior to August 31,

1993, Claimant also began to receive $325.00 per week in unemployment compensation benefits which continued to be paid after August 31, 1993.

On October 1, 1993, Keystone filed a modification petition, alleging that it was entitled to a credit, as of August 31, 1993, for the unemployment benefits that Claimant was receiving. Keystone's argument was based on Section 204 of the Workers' Compensation Act (Act),[1] which was amended by Section 4 of Act 44 of 1993.[2] Prior to Act 44, Section 204 of the Act provided:

> No agreement, composition, or release of damages made before the date of any injury shall be valid or shall bar a claim for damages resulting therefrom; and any such agreement is declared to be against the public policy of this Commonwealth. The receipt of benefits from any association, society, or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under article three hereof; and any release executed in consideration of such benefits shall be void: *Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of section 108.*[3] (Emphasis added.)

77 P.S. § 71. In Act 44, the Legislature redrafted the last sentence of Section 204 to read as follows:

> Provided, however, That if the employee receives unemployment compensation benefits, such amount or amounts so received *shall be credited as against the amount of the award made under the provisions of sections 108 and 306, except for benefits payable under section 306(c) or 307.*[4] (Emphasis added.)

77 P.S. § 71(a).

Section 4 of Act 44 became effective August 31, 1993, slightly more than one month

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(a).

2. Act of July 2, 1993, P.L. 190, effective in 60 days.

3. Section 108 of the Act, 77 P.S. § 27.1, concerns benefits for certain occupational diseases.

4. Section 306(a) of the Act, 77 P.S. § 511, pertains to total disability benefits, and Section 306(b) of the Act, 77 P.S. § 512, pertains to partial disability benefits. Section 306(c) of the Act, 77 P.S. § 513, establishes the benefit rates for specific loss injuries; Section 307 of the Act,

before Keystone filed its modification petition. Keystone asserted that it was entitled to a credit for the unemployment benefits Claimant received, because Claimant was receiving workers' compensation *and* unemployment compensation after the effective date of the Act 44 amendment to Section 204(a).

After a hearing, the WCJ determined that Keystone was seeking to retroactively apply the new law, amended by Act 44, to Claimant. The referee concluded that Claimant had a substantive right to receive workers' compensation and unemployment benefits simultaneously, without credit to Keystone, under the pre-Act 44 version of Section 204. Accordingly, the WCJ held that the amended Section 204 could not be retroactively applied and, thus, Keystone was not entitled to a credit. Therefore, the WCJ denied Keystone's modification petition.

Keystone appealed to the Board, which affirmed the WCJ.[5] This appeal followed.

Keystone contends that the WCJ erred in not giving it a credit for unemployment compensation benefits Claimant received. Keystone asserts that, under the amended version of Section 204(a) of the Act, it was entitled to a credit for Claimant's unemployment compensation benefits regardless of when Claimant first began to receive workers' compensation benefits. In effect, Keystone argues that amended Section 204(a) of the Act should be applied retroactively.

■ "A retroactive law [is] defined as one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired." *Department of Labor and In-*

---

dustry, Bureau of Employment Security v. Pennsylvania Engineering Corp., 54 Pa. Cmwlth. 376, 421 A.2d 521, 523 (1980). Section 1926 of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. § 1926, states that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Furthermore, Section 1953 of the SCA, 1 Pa.C.S. § 1953, pertaining to the construction of amendatory statutes such as Act 44, provides that "new provisions shall be construed as effective only from the date when the amendment became effective."

■ In light of the aforementioned provisions of the SCA, statutes must be given prospective effect only, unless the statute includes clear language to the contrary. *Green v. Pennsylvania Public Utility Commission*, 81 Pa.Cmwlth. 55, 473 A.2d 209 (1984), *aff'd sub nom. Barasch v. Pennsylvania Public Utility Commission*, 507 Pa. 430, 490 A.2d 806 (1985). Amendatory statutes, in particular, are to be construed as retroactive only where such a construction is so clear as to preclude all questions as to the intent of the General Assembly. *Budnick v. Budnick*, 419 Pa.Superior Ct. 172, 615 A.2d 80 (1992), *petition for allowance of appeal denied*, 533 Pa. 641, 622 A.2d 1374 (1993).

■ In the present case, nothing in Act 44 indicates that the General Assembly intended the amended version of Section 204 to apply retroactively. In fact, Section 26 of Act 44 strongly implies that Act 44's provisions are *not* to be retroactively applied. Section 26 of Act 44 states that "[n]o changes in indemnity compensation payable by this act shall affect payments of indemnity compensation for in-

---

77 P.S. § 561, involves compensation to certain individuals upon the death of an employee.

**5.** In affirming the WCJ, however, the Board utilized slightly different reasoning. The WCJ concluded that, when determining which version of Section 204 to apply, the critical question is whether the **compensable injury** occurred before or after the effective date of the Act 44 amendment. In eschewing this view, the Board reasoned as follows:

> The decision of the Board is that the application of [amended] Section 204 ... is controlled by the date that Claimant first qualifies for unemployment compensation, not the date of

the injury for which workmen's compensation is paid. If as of September 1, 1993, Claimant is receiving both workmen's compensation and unemployment compensation, no reduction in workmen's compensation payments will be ordered because of the unemployment compensation benefits. If Claimant qualifies for unemployment after September 1, 1993, then a credit will be granted to Defendant.

> In the present case, unemployment was being paid prior to September 1, 1993. No credit is due Defendant.

(Board Decision at 3–4; Reproduced Record (R.R.) at 19a–20a.)

juries sustained prior to the effective date of this section." Hence, we conclude that Act 44 and, more specifically, the new provisions of Section 204, were intended only to apply prospectively. *Green; Budnick.*

■ Notwithstanding the above, a statute may be retroactively applied where it is merely procedural and does not alter any substantive rights.[6] *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975). A substantive right is implicated when the retroactive application of a statute imposes new legal burdens on past transactions or occurrences. *McMahon v. McMahon,* 417 Pa.Superior Ct. 592, 612 A.2d 1360 (1992). On the other hand, procedural statutes establish the method for enforcing a right, but have no bearing on whether a claimant has a legal entitlement to relief under the facts as they exist in a particular case. *Page's Department Store.*

■ Since Claimant began to receive both his workers' compensation and unemployment benefits before Act 44 was adopted and the amendment to Section 204 went into effect, Keystone is only entitled to a credit under the amended version of Section 204, if that new Section is procedural and does not alter any substantive rights. Keystone asserts that amended Section 204 may be applied retroactively here because granting it a credit would not affect Claimant's workers' compensation benefits or his unemployment compensation benefits; nor would retroactive application affect any vested or contractual rights of Claimant. We must disagree.

This case presents a scenario similar to that in *Montgomeryville Airport, Inc. v. Workmen's Compensation Appeal Board (Weingrad),* 116 Pa.Cmwlth. 433, 541 A.2d 1187 (1988). In that case, we held that an amendment to the Workers' Compensation Act which allowed a widow to collect a lump sum payment equal to 104 weeks of compensation upon her remarriage, could not be retroactively applied. The Act as it existed prior to the amendment provided that a widow would forfeit all benefits upon her remarriage. The widow's husband in *Montgomer-*

*yville Airport* died while the old statute was in effect; the amendment was enacted a few months after her husband's death. This Court determined that workers' compensation payments were substantive rights which were fixed and determined by the statute in force at the time of the injury. Therefore, the version of the Act in effect when the widow's husband died was controlling and the amendment could not be retroactively applied to the widow. *Compare Polk v. Western Bedding Co.,* 145 Pa.Superior Ct. 142, 20 A.2d 845 (1941) (a claimant is not entitled to statutory increases in benefits, since his or her right to benefits was fixed by the statute in effect when the injury occurred).

Here, Claimant was receiving a combined total of $780.00 per week in workers' compensation and unemployment compensation benefits. Claimant began to receive both the workers' compensation and the unemployment compensation benefits prior to August 31, 1993, the effective date of amended Section 204. Under the old version of Section 204, Claimant was clearly entitled to the entire $780.00 in combined benefits. Applying the new version of Section 204 to Claimant, however, would allow Keystone to reduce Claimant's weekly workers' compensation benefits by $325.00, the amount of the unemployment benefits; his combined total weekly benefits would be reduced by the same amount.

In light of the above facts, amended Section 204 cannot be characterized as merely procedural because it affects Claimant's right to benefits as fixed by the old version of Section 204, and it gives Keystone a new right to relief which it did not have under the old law. *Page's Department Store; Montgomeryville Airport.* Simply put, it would have a direct negative impact on Claimant's substantive right to collect workers' compensation and unemployment compensation benefits simultaneously. Thus, Keystone's argument that granting it a credit under amended Section 204 would not impact on Claimant's vested right is without merit.

---

6. A substantive right has been defined as involving either a vested right or an obligation under a contract. *Creighan v. City of Pittsburgh,* 389 Pa. 569, 132 A.2d 867 (1957).

We, therefore, hold that the WCJ and the Board correctly held that amended Section 204 may not be retroactively applied in this matter, and Keystone's modification petition seeking a credit for Claimant's unemployment benefits was properly denied.

Accordingly, the Board's order is affirmed.[7]

## ORDER

NOW, January 25, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

SMITH, J., concurs in the result only.

---

**7.** We agree with the Board's reasoning that, where a claimant does not begin receiving unemployment benefits until after September 1, 1993, the employer is entitled to a credit under amended Section 204, regardless of the fact that the claimant was injured or began to receive workers' compensation benefits before that date. *See* *supra* note 5. A claimant's right to collect unemployment benefits in that situation vests after the effective date of the amendment; hence, no substantive rights are implicated. *Lykins v. Workmen's Compensation Appeal Board (New Castle Foundry),* 671 A.2d 253 (Pa.Cmwlth., 1996).