Kathleen RAUCH, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (KIDS WEAR SER-
VICES, INC.), Respondent.

Commonwealth Court of Pennsylvania.

Argued June 10, 2002.

Decided Sept. 26, 2002.

Kathleen Kennedy, Philadelphia, for pe-
titioner.

Louis S. Flocco, Philadelphia, for re-
spondent.

Before: McGINLEY, Judge, and
SMITH–RIBNER, Judge, and
McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–
RIBNER.

Kathleen Rauch petitions for review of
an order of the Workers' Compensation

Appeal Board (Board) that reversed an order of a Workers' Compensation Judge (WCJ) that had denied the petition of Kids Wear Services, Inc. (Employer) for Rauch to submit to an expert interview pursuant to Section 314(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 651(a). The question that Rauch presents in this appeal is whether the Board incorrectly held that amendments by the Act of June 24, 1996, P.L. 350 (Act 57), to Section 306(b)(2) of the Act, 77 P.S. § 512(2), and to Section 314(a) could be retroactively applied to Rauch's work-related injuries sustained on August 14, 1994, which predates Act 57.

I

Pursuant to a notice of compensation payable dated October 27, 1994, Rauch received workers' compensation benefits of $166.97 per week as a result of her work-related injuries. On or about November 13, 1998, Employer filed a petition for expert interview of Rauch, alleging that Employer requested on October 14, 1998 that Rauch submit to an expert interview but that she refused or failed to appear. The petition asked that the WCJ order Rauch to appear for an interview pursuant to Section 314 of the Act. At a hearing on January 19, 1999 Rauch requested that Employer's petition be dismissed on the ground that the amendment to Section 314 may not be applied retroactively.

Section 32.1(a) of Act 57 provided: "The amendment or addition of section 204(a), 306(a.2) and (b)(2) and 309 of the act shall apply only to claims for injuries which are suffered on or after the effective date of this section." Section 33(1)(iii) of Act 57 provided that Section 32.1 should take effect immediately. Section 306(b)(2), as amended by Section 4 of Act 57, provides in part:

"Earning power" shall be determined by the work the employe is capable of performing and shall be based upon expert opinion evidence which includes job listings with agencies of the department, private job placement agencies and advertisements in the usual employment area. . . . In order to accurately assess the earning power of the employe, the insurer may require the employe to submit to an interview by an expert approved by the department and selected by the insurer.

Section 314(a), as amended by Section 9 of Act 57, now provides for an "expert interview" as well as a physical examination, and it provides in part:

At any time after an injury the employe, if so requested by his employer, must submit himself at some reasonable time and place for a physical examination or expert interview by an appropriate health care provider or other expert, who shall be selected and paid for by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination or expert interview by the health care provider or other expert selected by the employer, a workers' compensation judge assigned by the department may, upon petition of the employer, order the employe to submit to such examination or expert interview. . . . The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination or expert interview ordered by the workers' compensation judge, either before or after an agreement or award, shall deprive him of a right to compensation, under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable.

■ The WCJ made findings including that a claimant's refusal to submit to an expert interview may result in a loss of benefits. He concluded that the amendment to Section 314 affects a claimant's substantive right to compensation and may not be applied retroactively in the absence of language providing for retroactive application. He therefore dismissed Employer's petition. On Employer's appeal the Board reversed. The Board noted that a statute may be applied retroactively where it is merely procedural and does not alter any substantive rights. *Keystone Coal Mining Corp. v. Workmen's Compensation Appeal Board (Wolfe)*, 673 A.2d 418 (Pa. Cmwlth.1996). A substantive right is implicated when the retroactive application of a statute imposes new legal burdens on past transactions or occurrences; procedural statutes, by contrast, provide methods for enforcing rights, but they have no bearing on whether a claimant has a legal entitlement to relief under the facts of a particular case. *Id.*

The Board stated that the amendment to Section 314 provided employers with an avenue for gaining information and noted that it was well settled that an employer may seek modification or suspension of a claimant's benefits if the claimant is capable of returning to available employment that is vocationally and physically suitable. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The Board concluded that the amendment to Section 314 establishes a method for enforcing the employer's right, but it does not impose new legal burdens on either the employer or the claimant, and it has no bearing on whether the claimant ultimately will be legally entitled to relief. The Board held that the amendment was procedural and that it could be applied in this case where the injury occurred before the effective date of Act 57.[1]

II

Rauch first notes that in August 1994, when she was injured and Employer became liable to pay and she became entitled to receive workers' compensation benefits, an employer's obligation to pay benefits could not be diminished on the basis of a claimant's refusal to submit to a vocational interview, citing *RCA Corp. v. Workmen's Compensation Appeal Board*, 46 Pa. Cmwlth. 411, 406 A.2d 588 (1979). In that case this Court rejected an employer's request to adopt a rule requiring a partially disabled claimant to submit to a vocational interview. The Court stated that Section 314 of the Act provided for a compulsory medical examination, and former Section 306(f) of the Act[2] disqualified a claimant from certain benefits for refusing to cooperate in medical treatment, but there was no similar provision in the Act for mandatory, employer-sponsored vocational interviews, which, although possibly desirable, were better left to the legislature.

1. The Court's review of the Board's order is limited to determining whether there was a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence in the record. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth.436, 550 A.2d 1364 (1988). Although Employer raises a question of jurisdiction based upon lack of a final order, the Court concludes that the issue of Rauch's claim is appealable under Pa. R.A.P. 313, in that it is separable from and collateral to the main cause of action, it is too important to be denied review, and if review is postponed until final judgment the claim will be irreparably lost.

2. Renumbered as Section 306(f.1) by Section 8 of the Act of July 2, 1993, P.L. 190, 77 P.S. § 531.

Rauch asserts that pursuant to the 1996 amendments to Section 306(b)(2) and Section 314 of the Act, an employer now has a legal right to compel a vocational interview, and a claimant has a corresponding legal duty to submit. She notes that *Keystone Coal Mining Corp.* quoted Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926: "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly," and also Section 1953, 1 Pa.C.S. § 1953: "[N]ew provisions shall be construed as effective only from the date when the amendment became effective." Rauch contends that the amendments to Sections 306(b)(2) and 314(a) are new provisions that should apply only to injuries occurring on or after June 24, 1996. She argues that Act 57 did not reveal a legislative intent that an employer's right to a compelled vocational interview be applied retroactively. To the contrary, Section 32.1(a) of Act 57 states that the amendment to Section 306(b)(2) shall apply only to injuries suffered after the effective date. Although, as the Board noted, Section 32.1(a) of Act 57 does not mention Section 314, Rauch argues that Section 1932 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1932, requires that the sections must be construed with reference to one another. Section 1932 provides that statutes or parts of statutes "are in pari materia when they relate to the same persons or things or to the same class of persons or things," and that statutes in pari materia "shall be construed together, if possible, as one statute." Rauch contends that statutory consistency requires that the vocational interviews permitted pursuant to Section 306(b)(2) and Section 314 be construed as one; therefore the express limitation on Section 306(b)(2) should apply to Section 314 as well.

■ Further, Rauch argues that the Board erred in concluding that the amendment to Section 314 was procedural. A statute is procedural if it provides the method for enforcing a right, but it has no impact on a claimant's legal entitlement under the facts of a particular case. *Keystone Coal Mining Co.* Rauch maintains that Section 314(a) contains a procedural component as to establishing the procedures for filing of an expert interview petition and a suspension petition, but it also impacts a claimant's legal entitlement to workers' compensation benefits. A substantive right is implicated where the retroactive application of a statute imposes a new legal burden of the claimant's entitlement to payment of workers' compensation benefits, *id.*, and Rauch argues that a mandatory vocational interview is such a new legal burden. If Section 314 is purely procedural, she asserts, it may only enforce the right and duty established by Section 306(b)(2).

Employer responds first that the issue of an employer's right to a vocational interview has been decided by fair analogy in *McCormick v. Workers' Compensation Appeal Board (City of Philadelphia)*, 734 A.2d 473 (Pa.Cmwlth.1999). In that case the employer petitioned a WCJ for an order to a claimant to attend an independent medical examination, which was granted, and the WCJ suspended benefits after the claimant refused to attend the second scheduled examination. One argument of the claimant on appeal was that the order to attend was a nullity because the Act vested jurisdiction to enter such an order with the Board. The Court rejected that contention, noting that Section 314 had been amended by the Act of July 2, 1993, P.L. 190 (Act 44), to change the tribunal before which an employer must petition to obtain an order to compel a physical examination from the Board to the WCJ. This change in no way affected a

claimant's substantive right to compensation benefits, and therefore it was a procedural provision that could be applied retroactively. Employer argues that an order to attend a vocational interview similarly does not affect substantive rights.

Employer refers to a statement by the Supreme Court in an early workers' compensation case that legislation affecting rights will not be construed to be retroactive unless it is so declared in the Act, but where it concerns merely the mode of procedure, i.e., where the scope or powers or duties of the hearing tribunals are merely enlarged, it is applied as of course to litigation existing at the time of passage. *Kuca v. Lehigh Valley Coal Co.*, 268 Pa. 163, 110 A. 731 (1920). It notes that statutory changes that have been deemed to be procedural have included changes to the scope of review of an appellate body, then the court of common pleas, in *Kuca*, and authorization in Section 413(a) of the Act, 77 P.S. § 771, for the Board or a referee, upon petition filed, to review and modify or set aside an original or supplemental agreement if it is proved that such agreement is in any material respect incorrect, in *Vetrulli v. Wallin Concrete Corp.*, 144 Pa.Super. 73, 18 A.2d 535 (1941).

Changes that have been held to be substantive have included the creation of a right of a widow receiving compensation benefits to a lump sum payment upon remarriage, in *Montgomeryville Airport, Inc. v. Workmen's Compensation Appeal Board (Weingrad)*, 116 Pa.Cmwlth.433, 541 A.2d 1187 (1988), and the grant of absolute immunity to an employer for negligently inflicted injuries, in *Fidler v. Workmen's Compensation Appeal Board (United Cable Corp.)*, 83 Pa.Cmwlth.155, 478 A.2d 907 (1984). Employer argues that Rauch's position that the amendment affects a substantive right because benefits may be suspended if a claimant refuses to comply with an order to submit to a vocational interview is circular. The granting of a petition for an expert interview does not change a claimant's right to medical or indemnity benefits under the Act.

■ The Court agrees that the Act 57 amendment to Section 314, providing for mandatory vocational interviews by experts and penalties for refusal, is procedural in nature and therefore properly subject to retroactive application. Section 32.1(a) of Act 57 specifies the effective date for the amendment to Section 306(b)(2). This does not mean, however, that the expert interview provisions of Section 314, which were not mentioned in Section 32.1(a), must be held to be prospective only. The Board cited *Kachinski* in its analysis. Under the familiar procedure established by the Supreme Court in that case to govern the return to work of injured employees, an employer must produce evidence of a change in condition and provide proof of referral to one or more then-open jobs in the occupational category for which the claimant has been given clearance. The claimant must then demonstrate that he or she has followed through on the job referrals; if the referrals fail to result in job, the benefits continue. The court emphasized that "the viability of this system depends upon the good faith of the participants." *Kachinski*, 516 Pa. at 252, 532 A.2d at 380.

■ The Court agrees that the Section 314 amendment provides a means by which an employer may secure pertinent information in pursuing its obligations under *Kachinski* in good faith. By providing for an expert vocational interview, the amendment modifies this return-to-work procedure in a manner that permits an employer to better identify suitable jobs. That is, it provides a mechanism for an employer to enforce its rights. *See Keystone Coal Mining Corp.* This procedural

modification, however, has no effect on a claimant's substantive right to receive workers' compensation benefits or the substantive right of an employer to secure modification or suspension. Further, the fact that suspension of benefits may be imposed as a means of securing compliance with an order to compel an interview is simply an enforcement mechanism. It has no effect upon the underlying substantive right of the claimant to workers' compensation benefits. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 26th day of September, 2002, the order of the Workers' Compensation Appeal Board is affirmed.