**Mark VANEMAN, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (APOLLO MOVING AND VANLINER INSURANCE COMPANY), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 2006.

Decided April 4, 2007.

Reargument Denied June 1, 2007.

Publication Ordered Aug. 6, 2007.

Mitchell H. Dugan, Pittsburgh, for petitioner.

Dale A. Cable, Pittsburgh, for respondent.

BEFORE: PELLEGRINI, Judge, and LEADBETTER, Judge [1], and FLAHERTY, Senior Judge.

OPINION BY Judge LEADBETTER.

Mark Vaneman (Claimant) petitions for review of the Order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) granting the Petition for Expert Interview of Employee filed by Apollo Moving (Employer). Claimant's is-

1. This case was assigned to the opinion writer prior to the date when Judge Leadbetter assumed the status of President Judge on January 7, 2007.

sue focuses on Section 314(a) of the Workers' Compensation Act[2] and asserts that the Act does not require a claimant to submit to an interview where the claimant returns to work at a modified wage rate and concurrently receives partial disability benefits. For the reasons set forth below, we affirm the Board.

Pursuant to a notice of compensation payable, Claimant began receiving workers' compensation benefits on March 28, 2003. On April 8, 2004, Employer filed a Petition to Compel Expert/Vocational Interview (Petition) to which Claimant filed a timely answer. By Order dated May 27, 2004, Claimant was directed to attend a vocational interview. On June 1, 2004, Claimant returned to work with Employer at a reduced wage and concurrently received partial disability benefits. Claimant filed a motion to dismiss the Petition.[3] By Decision and Order circulated November 30, 2005, the WCJ denied the Petition based on his conclusion that pursuant to Section 314(a) of the Act an employer may request that a claimant submit to a physical examination or expert interview at any time after an injury regardless of whether claimant has returned to work or whether employer has filed a subsequent petition.[4] Claimant has filed an appeal with this Court alleging the Board erred as a matter of law in affirming the WCJ.

Initially, we note that whether the Board erred in affirming the WCJ's determination that Section 314(a) of the Act, 77 P.S. § 651(a), requires a claimant to submit to a vocational interview even after the claimant has returned to work at reduced wages, is a question of law subject to plenary review by this court.

Claimant opines that in order to determine whether it is reasonable to require a vocational interview of an employee who has returned to work with employer at a modified wage and while receiving partial disability benefits, Section 314(a) of the Act, 77 P.S. § 651(a) and Section 306(b)(2) of the Act, 77 P.S. § 512(2) (relating to schedule of compensation for partial disability), must be read together with 34 Pa.Code § 123.301 (relating to employer job offer obligation) and 34 Pa.Code § 123.302 (relating to evidence of earning power). Claimant argues that when the Act and the Code are read together, it is clear that the use of the vocational interview as a means to determine earning power where the claimant has returned to employment at a reduced wage rate while receiving partial disability benefits is not reasonable. The core of the argument is that a vocational interview should not be allowed unless it is incidental to a petition modifying benefits. We disagree.

Section 314(a) of the Act is a mechanism for an employer to enforce its rights. *Rauch v. Workers' Comp. Appeal Bd. (Kids Wear Services, Inc.)*, 808 A.2d 291 (Pa.Cmwlth.2002). Section 314(a) of the Act directs that:

**2.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 651(a).

**3.** While a ruling on the Petition was pending, claimant filed a Utilization Review Petition and a petition challenging the modification of his benefits. The WCJ granted both petitions. Employer filed a termination petition that the WCJ denied. None of these decisions is before the Court.

**4.** Although the WCJ and the Board both describe the Order at issue as interlocutory, this Court in *Rauch v. Workers' Comp. Appeal Bd. (Kids Wear Services, Inc.)*, 808 A.2d 291 (Pa. Cmwlth.2002), concluded that the Order can be appealed. The Court stated that the Order is separable from and collateral to the main cause of action, it is too important to be denied review, and if review is postponed until final judgment the claim will be irreparably lost.

[a]t any time after an injury the employe, if so requested by his employer, must submit himself at some reasonable time and place for a physical examination or expert interview by an appropriate health care provider or other expert, who shall be selected and paid for by the employer. If the employe shall refuse upon the request of the employer, to submit to the examination or expert interview by the health care provider or other expert selected by the employer, a workers' compensation judge assigned by the department may, upon petition of the employer, order the employe to submit to such examination or expert interview at a time and place set by the workers' compensation judge and by the health care provider or other expert selected and paid for by the employer or by a health care provider or other expert designated by the workers' compensation judge and paid for by the employer. The workers' compensation judge may at any time after such first examination or expert interview, upon petition of the employer, order the employe to submit himself to such further physical examinations or expert interviews as the workers' compensation judge shall deem reasonable and necessary, at such times and places and by such health care provider or other expert as the workers' compensation judge may designate; and in such case, the employer shall pay the fees and expenses of the examining health care provider or other expert, and the reasonable traveling expenses and loss of wages incurred by the employe in order to submit himself to such examination or expert interview. The refusal or neglect, without reasonable cause or excuse, of the employe to submit to such examination or expert interview ordered by the workers' compensation judge, either before or after an agreement or award, shall deprive him of the right to compensation, under this article, during the continuance of such refusal or neglect, and the period of such neglect or refusal shall be deducted from the period during which compensation would otherwise be payable.

77 P.S. § 651(a). Clearly, Section 314(a) of the Act, 77 P.S. § 651(a), provides that the employer may request "at any time after an injury" that its employee attend a physical exam or expert interview. Beyond requiring that the request be reasonable, there is no express language directing that a request occur only upon employer's filing a petition modifying benefits. Section 306(b)(2) of the Act does not negate that conclusion but rather bolsters it. Remembering that "disability" is defined uniquely in workers' compensation proceedings as meaning "loss of earning power" we reference Section 306(b)(2) of the Act, which directs that:

(2) "Earning power" shall be determined by the work the employe is capable of performing and shall be based upon expert opinion evidence which includes job listings with agencies of the department, private job placement agencies and advertisements in the usual employment area. Disability partial in character shall apply if the employe is able to perform his previous work or can, considering the employe's residual productive skill, education, age and work experience, engage in any other kind of substantial gainful employment which exists in the usual employment area in which the employe lives within this Commonwealth.... If the employer has a specific job vacancy the employe is capable of performing, the employer shall offer such job to the employe. In order to accurately assess the earning power of the employe, the insurer may require the employe to submit to an interview by a vocational expert who is

selected by the insurer and who meets the minimum qualifications established by the department through regulation. . . .

77 P.S. § 512(2). Reading together Sections 314(a) and 306(b)(2) of the Act, it is clear that contrary to Claimant's contention, a vocational interview can be used to assess a claimant's earning power and earning power can be reviewed on a periodic basis. *Linton v. Workers' Compensation Appeal Board (Amcast Indus. Corp.),* 895 A.2d 677 (Pa.Cmwlth.2006). Since the interview is an assessment tool, there is no reason to require that it occur only upon the filing of a petition to modify benefits. Rather, an employer may use this tool as a means to determine whether it is appropriate to file a petition to modify benefits. In that manner, the essential goal of determining the claimant's true "earning power," is met, and it may be accomplished without instituting legal proceedings. Further, nothing in the Bureau regulation set forth in 34 Pa.Code § 123.302, which instructs that "an insurer may demonstrate an employee's earning power by providing expert opinion evidence concerning the employee's capacity to perform a job," commands a different conclusion. The WCJ properly concluded that the Employer had the authority to direct the Claimant to submit to a vocational interview.

Accordingly, we affirm the order of the Board.

### *ORDER*

AND NOW, this 4th day of April, 2007, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

