**Judith MIEGOC, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (THROOP FASHIONS/LESLIE FAY AND ITS HARTFORD), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 17, 2008.

Decided Dec. 3, 2008.

Kevin P. Foley, Scranton, for petitioner.

Barbara L. Hollenbach, Allentown, for respondents.

BEFORE: PELLEGRINI, Judge, FRIEDMAN, Judge, and BUTLER, Judge.

OPINION BY Judge FRIEDMAN.

Judith Miegoc (Claimant) petitions for review of the April 29, 2008, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the order of a workers' compensation judge (WCJ) granting the suspension petition filed by Throop Fashions/Leslie Fay (Employer). We reverse.

The relevant facts are briefly summarized as follows. Claimant suffered a work injury on December 28, 1992, and Employer accepted liability for the injury by way of a notice of compensation payable. In May of 2000, Employer filed a petition seeking a suspension of benefits on the grounds that Claimant had refused available work that was within her medical restrictions. Claimant sought dismissal of the suspension petition based on Employer's failure to provide her with a Notice of Ability to Return to Work, as required by section 306(b)(3) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512(3). Subsection 3 was added to section 306(b) of

the Act subsequent to the date of Claimant's work injury by section 4 of the Act of June 24, 1996, P.L. 350, effective in 60 days, and provides as follows:

(3) If the insurer receives medical evidence that the claimant is able to return to work in any capacity, then the insurer must provide prompt written notice, on a form prescribed by the department, to the claimant, which states all of the following:

(i) The nature of the employe's physical condition or change of condition.

(ii) That the employe has an obligation to look for available employment.

(iii) That proof of available employment opportunities may jeopardize the employe's right to receipt of ongoing benefits.

(iv) That the employe has the right to consult with an attorney in order to obtain evidence to challenge the insurer's contentions.

77 P.S. § 512(3).

Relying on *Summit Trailer Sales v. Workers' Compensation Appeal Board (Weikel)*, 795 A.2d 1082 (Pa.Cmwlth.), *appeal denied*, 569 Pa. 727, 806 A.2d 865 (2002),[1] and *Hoover v. Workers' Compensation Appeal Board (Harris Masonry, Inc.)*, 783 A.2d 886 (Pa.Cmwlth.2001), *appeal denied*, 569 Pa. 725, 806 A.2d 864 (2002), the WCJ concluded that an employer must provide a claimant the notice required by section 306(b)(3) of the Act in order for evidence to be considered in support of a suspension petition. Accordingly, by order dated March 27, 2003, the WCJ denied Employer's suspension petition.

On appeal, the WCAB reversed. The WCAB reasoned that the notice requirement of section 306(b)(3) imposes a new legal burden on employers, in that the absence of the notice directly affects an employer's entitlement to a suspension. Thus, the WCAB concluded that section 306(b)(3) is a substantive provision that may not be applied retroactively. By order dated January 31, 2005, the WCAB vacated the WCJ's decision and remanded the matter for an adjudication on the merits. Thereafter, the WCJ granted the suspension petition, and, in the course of further proceedings, the WCAB twice reaffirmed its conclusion that the notice requirement of section 306(b)(3) is a substantive provision that may not be applied retroactively.

On appeal to this court,[2] Claimant argues that the WCAB erred in concluding that section 306(b)(3) of the Act is a substantive provision; Claimant maintains that section 306(b)(3) is procedural, is applicable to this matter and precludes a suspension of benefits in this case due to Employer's failure to comply with its notice requirements. We agree.

Legislation that affects substantive rights will not be construed to apply retroactively unless the legislature has expressly provided that it shall be applied retroactively; however, legislation that merely alters procedure generally will be applied to pending proceedings. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975). A statute affects

---

1. *Summit* was overruled on other grounds, as recognized in *Motor Coils MFG/WABTEC v. Workers' Compensation Appeal Board (Bish)*, 853 A.2d 1082 (Pa.Cmwlth.2004), *aff'd*, 590 Pa. 109, 912 A.2d 212 (2006).

2. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

substantive rights if it alters a cause of action, i.e., if it alters the factual basis for a claim or the set of facts that, if proved, would entitle a party to relief. *Id.* In contrast, procedural statutes establish the method for enforcing a right but have no bearing on whether a claimant has a legal entitlement to relief under the facts as they exist in a particular case. *Keystone Coal Mining Corporation v. Workmen's Compensation Appeal Board (Wolfe),* 673 A.2d 418 (Pa.Cmwlth.1996).

We note that, although our courts have frequently held that procedural provisions "may be retroactively applied," our Supreme Court recently explained that a statute should not be regarded as operating retroactively merely because it relates to antecedent events or draws upon antecedent facts for its operation. *Wexler v. Hecht,* 593 Pa. 118, 928 A.2d 973 (2007). In *Wexler,* the court adopted the analysis set forth by Judge Beck in *Warren v. Folk,* 886 A.2d 305 (Pa.Super.2005), describing it as "an apt clarification of the governing principles." *Wexler,* 593 Pa. at 127, 928 A.2d at 978.

> Judge Beck reasoned that a rule or statute does not operate retrospectively merely because it is applied in a case that arises from conduct that preceded its promulgation or alters expectations deriving from prior laws. Rather, she indicated, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." Judge Beck observed that this Court has expressly considered the issue of retroactivity in terms of whether or not the rule or statute in question affects vested rights, or rights that "so completely and definitely belong to a person that [they] cannot be impaired or taken away without the person's consent." She reasoned that Rule 1042.3 merely added a procedural requirement for going for-

> ward with a suit, designed to provide some assurance that the claims are based on arguably meritorious assertions, and did not infringe on any vested right. ("To be a retroactive application to appellant's suit, Rule 1042.3 would have to give the alleged incidents of malpractice a new legal effect—i.e., one that is different from their legal effect under the rules existing at the time the incidents occurred. This is not the case.")

*Wexler,* 593 Pa. at 128, 928 A.2d at 979 (citations omitted). Thus, the more precise statement is that a newly enacted procedural provision is applicable to pending proceedings. In considering whether section 306(b)(3) of the Act is a substantive or procedural provision, we are guided by prior decisions illustrating the distinction.

Decisions holding that a statutory amendment is a substantive provision were based on the conclusion that application of the provision at issue would affect pre-existing substantive rights that were fixed at the time of injury. For example, in *Keystone Coal Mining,* we held that a 1993 amendment to section 204(a) of the Act, 77 P.S. § 71(a), which expanded employers' right to credit for unemployment compensation benefits received by a claimant, could not be applied retroactively to a claimant receiving both workers' compensation and unemployment benefits prior to the amendment's effective date because the amendment affected the claimant's substantive right, as fixed by the prior version of the statute, to collect both benefits simultaneously. Similarly, in *Giant Eagle Inc./OK Grocery Company v. Workers' Compensation Appeal Board (Weigand),* 764 A.2d 663 (Pa.Cmwlth.2000), *appeal denied,* 566 Pa. 651, 781 A.2d 149 (2001), we held that a 1996 amendment to section 306(b)(1) of the Act, 77 P.S. § 512(1), which changed the date by which

the limitation on the claimants' receipt of combined wages and benefits is calculated, could not be applied retroactively to claimants whose injuries were sustained prior to the amendment's effective date because the change affected the claimants' substantive rights under the prior version of the Act to receive a particular amount of compensation.

In contrast, when ruling that statutory amendments are procedural in nature, our courts stressed that the substantive rights established at the time of the injury were unaffected by the change in the law. In *Page's Department Store,* the court held that an amendment to what was formerly section 423 of the Act, deleted by section 18 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 854, which altered the WCAB's scope of review by precluding the WCAB from issuing findings of fact without first taking additional evidence, was procedural in nature because the change had no bearing on a claimant's right to relief upon a given set of facts. The court contrasted the modification of the WCAB's scope of review with the 1972 amendments to section 301(a) of the Act, 77 P.S. § 431, which eliminated the requirement of proof of an "accident" and, thus, altered the facts that a claimant must prove in order to establish entitlement to benefits.

In *McCormick v. Workers' Compensation Appeal Board (City of Philadelphia )*, 734 A.2d 473 (Pa.Cmwlth.), *appeal denied,* 561 Pa. 663, 747 A.2d 903 (1999), we held that a 1993 amendment to section 314 of the Act, 77 P.S. § 651, transferring authority to issue orders related to a claimant's attendance at an independent medical ex-amination from the WCAB to the WCJ, was applicable to a claimant whose injury pre-dated the effective date of the amendment because the change did not affect the claimant's substantive right to benefits. Thereafter, in *Rauch v. Workers' Compensation Appeal Board (Kids Wear Services, Inc.),* 808 A.2d 291 (Pa.Cmwlth.2002), *appeal denied,* 572 Pa. 751, 816 A.2d 1103 (2003), we held that a 1996 amendment to section 314 of the Act, allowing employers to compel a claimant to submit to an expert interview, was a procedural modification that could be applied to proceedings on a claimant's 1994 injury because the provision merely provided a means by which employers may secure pertinent information and had no effect on a claimant's substantive right to receive benefits under a particular set of facts.

 In order to be entitled to a suspension of benefits, an employer must prove that the work injury no longer affects the claimant's earning power. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company),* 516 Pa. 240, 532 A.2d 374 (1987). To meet its burden, the employer must provide evidence of a referral to an available job that is within the claimant's medical restrictions. *Id.* If the employer produces such evidence, the burden shifts to the claimant to prove that she acted in good faith to follow through on the job referral. *Id.* If the claimant fails to make such a showing, her benefits can be modified. *Id.*

The notice requirement of section 306(b)(3) does not alter the facts that an employer must prove in order to obtain a suspension.[3] Rather, section 306(b)(3) re-

---

3. Like the WCAB, Employer relies on oft-used language that a substantive right is implicated where a statute "imposes new legal burdens on past transactions or occurrences," *Keystone Coal Mining Corp.,* 673 A.2d at 421, and argues that the notice requirement of section 306(b)(3) is such a new legal burden. However, our court rejected a similar argument in *Rauch* regarding the mandatory vocational interview imposed by the amendment to section 314. Thus, although we have referred to the notice requirement of section 306(b)(3) as

quires an employer to share new medical information concerning the claimant's physical capacity to work and to notify the claimant that this new information *could affect* the claimant's entitlement to benefits. *Melmark Home v. Workers' Compensation Appeal Board (Rosenberg),* 946 A.2d 159 (Pa.Cmwlth.2008); *Burrell v. Workers' Compensation Appeal Board (Philadelphia Gas Works and Compservices, Inc.),* 849 A.2d 1282 (Pa.Cmwlth. 2004). Because the notice requirement of section 306(b)(3) does not affect the substantive rights of either party, it is a procedural provision that applies to the present case.

We have previously held that compliance with section 306(b)(3) is a prerequisite for the presentation of evidence offered in support of a suspension petition. *Summit*

---

a "threshold burden" that an employer must meet in order to be entitled to a suspension of benefits, *see, e.g., Summit Trailer Sales,* we

*Trailer Sales.* In light of Employer's acknowledged failure to provide Claimant a Notice of Ability to Return to Work, the WCAB erred in affirming the suspension of benefits in this case.

Accordingly, we reverse.

### ORDER

AND NOW, this 3rd day of December, 2008, the order of the Workers' Compensation Appeal Board, dated April 29, 2008, is hereby reversed.

---

disagree that such a characterization necessarily means that a provision is substantive in nature.