IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen Bundschuh,                        :
                    Petitioner           :
                                         :
        v.                               :  No. 556 C.D. 2021
                                         :  Submitted: December 17, 2021
Gwynedd Veterinary Hospital, Inc.        :
(Workers' Compensation Appeal            :
Board),                                  :
                    Respondent           :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED: April 11, 2022

        Colleen Bundschuh (Claimant) petitions this Court for review of the May 6,

2021 order of the Workers' Compensation Appeal Board (Board), which affirmed

the decision of a workers' compensation judge (WCJ), granting Gwynedd

Veterinary Hospital, Inc.'s (Employer) petition to suspend Claimant's total disability

benefits based on the results of a September 30, 2019 impairment rating evaluation

(IRE) conducted pursuant to Section 306(a.3) of the Workers' Compensation Act

(Act).[2]  Claimant argues on appeal that the newly enacted IRE provisions in Section

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714 No. 111 (Act 111), 77 P.S. § 511.3. A claimant who has received total disability benefits for 104 weeks must submit to an IRE, which is used to calculate the claimant's degree of impairment due to the compensable injury.  If a claimant's whole body impairment (WBI) rating is less than 35%, the claimant shall receive partial disability benefits pursuant to Section 306(b) of the Act.  Section
**(Footnote continued on next page…)**

306(a.3) of the Act do not apply to injuries sustained prior to its effective date, and, therefore, the WCJ erred in suspending Claimant's disability benefits based on her prior receipt of total and partial disability benefits.  After review, we affirm.

## I.  Background

The factual and procedural history of this matter is undisputed.  Claimant suffered a lumbar strain on March 9, 2004, while in the course of her employment.  Certified Record (C.R.), Item No. 5, WCJ Decision, Finding of Fact (F.F.) No. 1.  Employer accepted liability for the work injury through issuance of a notice of temporary compensation payable (NTCP),[3] and commenced paying Claimant total disability benefits on March 10, 2004.  C.R., Item No. 12, NTCP.

On March 29, 2010, Employer filed a petition seeking to modify Claimant's disability benefits from total to partial, based on the results of an October 13, 2009 IRE conducted under former Section 306(a.2) of the Act,[4] which assigned Claimant

---

306(b) of the Act limits a claimant's receipt of partial disability benefits to 500 weeks.  77 P.S. § 512.

[3] Claimant's NTCP converted to a notice of compensation payable by operation of law.  WCJ Decision, F.F. No. 1.

[4] In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, 161 A.3d 827 (Pa. 2017) (*Protz II*), this Court held that former Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of Act 111, was an unconstitutional delegation of legislative power, as it provided that an IRE should be performed under the "most recent" version of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides).  *Protz I*, 124 A.3d at 416.  We directed that future IREs must utilize the Fourth Edition of the AMA Guides, the version in effect at the time Section 306(a.2) was enacted.  *Id.* at 417.  The Supreme Court affirmed this Court in *Protz II* but struck down Section 306(a.2) in its entirety.

Act 111 largely reenacted the IRE provisions held unconstitutional in *Protz II* but specified that an IRE must utilize the Sixth Edition (second printing April 2009) of the AMA Guides.  Act 111 also reduced the threshold percentage of disability by which a claimant's disability status may be modified from less than 50%, under former Section 306(a.2) of the Act, to less than 35%.

2

a 7% whole body impairment (WBI) rating. C.R., Item No. 15. A WCJ granted Employer's modification petition, effective October 13, 2009. C.R., Item No. 15. Claimant did not appeal this decision. Claimant's 500-week period of partial disability expired in May 2019. C.R., Item No. 10, WCJ Hearing, 5/13/20, at 5.

On June 4, 2019, Claimant filed a petition seeking reinstatement of her total disability benefits based on a "worsening of condition." C.R. Item No. 13, April 28, 2020 WCJ Decision, F.F. No. 2. WCJ Joseph Stokes (Judge Stokes) credited Claimant's testimony that she remained disabled from her March 9, 2004 work injury, and concluded that she was entitled to reinstatement of her total disability benefits, based on the Supreme Court's decision in *Protz II*. *Id.* Accordingly, Judge Stokes reinstated Claimant's total disability benefits, effective June 4, 2019. *Id.* at 5.

Thereafter, Employer filed a petition to modify Claimant's total disability benefits based on the results of a September 30, 2019 IRE conducted pursuant to Section 306(a.3) of the Act, which assigned Claimant a WBI rating of 2%. C.R., Item No. 2. Employer also sought a suspension of Claimant's disability benefits based on Employer's right to a credit for previously paid weeks of partial disability benefits under Sections 3(1) and 3(2) of Act 111.[5] C.R., Item No. 3. In an August 26, 2020 decision, the WCJ granted Employer's suspension petition, as the September 30, 2019 IRE demonstrated Claimant's WBI rating fell below the 35%

---

[5] Section 3(1) of Act 111 provides that, for purposes of calculating whether a claimant has received 104 weeks of total disability benefits and must submit to an IRE under Section 306(a.3) of the Act, an employer "**shall be given credit** for weeks of total disability compensation paid prior to" Act 111's effective date, which is October 24, 2018. 77 P.S. § 511.3, Historical and Statutory Notes (emphasis added). Section 3(2) of Act 111 provides that, for purposes of determining the total number of weeks of partial disability to which a claimant is entitled, an employer "**shall be given credit** for weeks of partial disability compensation paid prior to" Act 111's effective date. *Id.*

threshold established in Section 306(a.3) of the Act, and Employer was entitled to a credit for Claimant's receipt of partial disability benefits over a period exceeding 500 weeks. C.R., Item No. 5, Conclusion of Law (COL) Nos. 2-3. The WCJ dismissed Employer's modification petition as moot. COL No. 3. Claimant appealed to the Board, which affirmed. C.R., Item No. 8. This appeal followed.[6]

The issue before the Court is whether the WCJ erred in granting Employer's suspension petition based on disability benefits Claimant received prior to the effective date of Act 111.

## II. Discussion

Claimant argues that she has a "vested right" to receive disability benefits under the Act, and the WCJ improperly gave retroactive effect to the IRE provisions in Act 111 when she granted Employer a credit for its payment of disability benefits prior to Act 111's effective date. Claimant's Br. at 21.

In support of these contentions, Claimant cites Section 1926 of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. § 1926, which provides that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Claimant also cites Section 15.71 of the Legislative Drafting Manual which provides as follows:

> (a) *Use.* If a statute is to apply retroactively, it is necessary to include a provision to achieve this effect. [Section 1926 of the SCA] provides that no statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.

---

[6] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007).

4

(b) *Form.* A retroactive provision may be in substantially the following form:

"This act shall take effect immediately and shall be retroactive to January 1, 1973."

101 Pa. Code § 15.71.

Claimant points out that Section 4 of Act 111 only provides that it "shall take effect immediately[,]" and its provisions are not given retroactive effect to a specific date. She contends, therefore, that the IRE provisions of Act 111 are only triggered by total and partial disability benefits paid to a claimant after the effective date of October 24, 2018. Because Claimant's total disability benefits were only reinstated as of June 4, 2019, Claimant argues that Employer could not seek a new IRE under Section 306(a.3) until it paid Claimant 104 weeks of total disability benefits, commencing on June 4, 2019. Accordingly, the September 30, 2019 IRE could not serve as a basis for modifying Claimant's disability status.

Claimant also relies on our decision in *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), in which we declined to give effect to an IRE conducted under former Section 306(a.2) of the Act, which was deemed constitutionally invalid by *Protz II.* Additionally, Claimant asks that this Court reconsider *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth. 2021), in which we upheld Act 111's constitutionality and recognized that the credit provisions in Section 3 of Act 111 were "explicitly given retroactive effect by the clear language of the General Assembly." Claimant asserts that the "practical impact" of *Pierson* would authorize the retroactive application of "any statute[,]" resulting in the loss of an individual's vested rights. Claimant's Br. at 24. She also challenges *Pierson* as inconsistent with *Bible v. Department of Labor & Industry*,

5

696 A.2d 1149 (Pa. 1997), which addressed the retroactive application of amendments to Section 306(c) of the Act, 77 P.S. § 513.[7]

Employer responds that this Court has already addressed Claimant's arguments in prior decisions, most notably *Pierson* and *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed August 18, 2020), in which we held that the enactment of the new IRE provisions in Act 111 did not constitute an unconstitutional delegation of legislative authority.

We agree with Employer. While Claimant is correct that statutes are to be given prospective effect only, except where the statute includes clear language to the contrary,[8] her argument wholly ignores the express language in Sections 3(1)-(2) of Act 111, which provides that an employer "**shall be given credit** for weeks of total disability compensation paid prior to" Act 111's effective date, and "**shall be given credit** for weeks of partial disability compensation paid prior to" that date. 77 P.S. § 511.3, Historical and Statutory Notes (emphasis added). This Court cannot ignore the express legislative intent in Section 3 simply because Claimant believes it fails to follow the format suggested in Section 15.71(b) of the Legislative Drafting Manual.

---

[7] Section 306(c) of the Act was amended by the Act of February 23, 1995, P.L. 1, No. 1 (Act 1), which expanded the types of hearing loss for which specific loss benefits could be awarded.

[8] *See Keystone Coal Mining Corp. v. Workmen's Comp. Appeal Bd. (Wolfe)*, 673 A.2d 418, 420 (Pa. Cmwlth. 1996) (amendment to Section 204 of the Act, which provided an employer credit for a claimant's receipt of unemployment compensation benefits, did not apply retroactively, as the amendment affected the substantive rights of a claimant, and the relevant legislation did not specify that its provisions should have retroactive effect).

We reject Claimant's contention that *Pierson* does not comport with the Supreme Court's decision in *Bible*. The legislation at issue in *Bible*, much like Act 111, "contain[ed] a specific legislative direction that it is to be retroactive." *Bible*, 696 A.2d at 1151. We must also reject Claimant's suggestion that our holding in *Pierson* will lead to a widespread, and constitutionally suspect, retroactive application of legislative enactments. *Pierson* merely reiterated the opinion previously expressed in *Rose Corporation* that "[t]he plain language of Section 3 [of the Act] evidence[d] legislative intent to give effect, **after** the passage of Act 111, to these weeks of [total and partial disability] compensation, although they were paid before the passage of Act 111." *Rose Corp.*, 238 A.3d at 562 (emphasis in original). We noted that, under Section 3 of Act 111, the employer "would receive credit for the 104 weeks of total disability" paid prior to Act 111's effective date. *Id.* at 563. Because the claimant had already received 104 weeks of total disability benefits, the employer was entitled to immediately seek a new IRE under Section 306(a.3) of the Act. We declined to give effect to the IRE invalidated by *Protz II*, as Act 111 did not provide "specifically or implicitly" for the validation of an IRE performed prior to the enactment of Section 306(a.3). *Id.*

Regarding Claimant's purported loss of her "vested rights," Section 413(a) of the Act provides that a WCJ "may, at any time, modify, reinstate, suspend, or terminate" an award of benefits upon proof that a claimant's disability has "increased, decreased, recurred, or has temporarily or finally ceased[.]" 77 P.S. § 772. We acknowledged this reality in *Pierson*, recognizing that a claimant "retain[ed] a certain right to benefits until such time as [the claimant] is found to be ineligible for them[,]" but cautioned that a claimant also had "reasonable expectations under the Act that benefits may change." *Pierson*, 252 A.3d at 1179.

7

In addition to the precedent already discussed, this Court has consistently rejected the exact arguments raised by Claimant, as Employer correctly notes. *See Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360 (Pa. Cmwlth. 2021) (additional 104-week waiting period not required before employer can request an IRE under Section 306(a.3) of the Act); *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed February 15, 2022) (upholding the retroactive application of Act 111 to injuries that predate its effective date);[9] *Stoshick v. Air Prods. & Chems., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 27 C.D. 2021, filed February 3, 2022) (language of Section 3 of Act 111 evidences clear legislative intent to grant employers a credit for previously paid weeks of total and partial disability compensation).

The September 30, 2019 IRE, which assigned Claimant a WBI rating of 2%, was conducted pursuant to Section 306(a.3) of the Act, approximately 11 months after Act 111's enactment. There is no dispute that Employer paid Claimant total disability benefits from March 4, 2004, until October 13, 2009, a more than sufficient period to trigger the IRE provisions of the Act. Thereafter, Employer paid Claimant partial disability benefits until her 500-week period of partial disability expired in May 2019. Section 3 of Act 111 explicitly grants Employer a credit for its payment of total and partial disability benefits. As Claimant has exhausted her

---

[9] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code § 69.414(a).

entitlement to partial disability benefits under the Act, the WCJ did not err in granting Employer's suspension petition. Accordingly, we affirm the Board.

_____

ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen Bundschuh,          :
        Petitioner        :
                        :
     v.              :  No. 556 C.D. 2021
                        :
Gwynedd Veterinary Hospital, Inc. :
(Workers' Compensation Appeal  :
Board),                   :
        Respondent    :

# **O R D E R**

AND NOW, this 11th day of April, 2022, the May 6, 2021 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge