**Patricia JAQUAY, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CENTRAL PROPERTY SERVICES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 16, 1998.
Decided Aug. 18, 1998.

John P. Yukevich, Jr., Pittsburgh, for petitioner.

Marianne C. Plant, Pittsburgh, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Patricia Jaquay (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) which affirmed an order

of the Workers' Compensation Judge (WCJ) which granted Claimant's Claim Petition but also held that the liability of Central Property Services (Employer) for medical expenses incurred by Claimant on or after August 31, 1993, was controlled by the provisions of Section 306(f.1)(3) of the Workers' Compensation Act (Act),[1] as amended by the Act of July 2, 1993, P.L. 190, commonly referred to as Act 44.

The parties have stipulated to the essential facts. On February 11, 1994, Claimant filed a Claim Petition in which she alleged that she sustained a work-related injury to the muscles, connective tissues and discs of her spine on March 18, 1991, while working as a maintenance employee for Employer. Claimant also filed a second Claim Petition on February 11, 1994, in which she alleged that she sustained a work-related injury to an intervertebral disc on December 26, 1993, a recurrence of her original injury, while mopping a floor as part of her work duties for Employer.

Claimant suffered no loss of wages as a result of her March 18, 1991 injury, but was totally disabled from December 26, 1993, through October 23, 1994, due to her second injury on December 26, 1993. Claimant returned to work on October 24, 1994, at wages equal to or greater than her pre-injury wage. All of Claimant's medical expenses for the original March 18, 1991 injury had been paid prior to the litigation before the WCJ had commenced, but Claimant had subsequently incurred medical expenses in the amount of $45,328.86 in connection with the December 26, 1993 recurrence of her original work-related injury.

By opinion and order dated June 14, 1995, the WCJ granted both of Claimant's claim petitions, concluding that Claimant met her burden of proving that she sustained an ini-

tial work-related injury on March 18, 1991, as well as proving that she suffered a recurrence of this injury on December 26, 1993. The WCJ suspended benefits as of October 24, 1994, when Claimant returned to work without a loss of earnings. With regard to the medical expenses, the WCJ concluded as follows:

> The defendant is liable for all reasonable and necessary medical expenses incurred as a result of the claimant's work-related injuries. The defendant's liability for medical expenses incurred on or after August 31, 1993, are controlled pursuant to amended Section 306(f).[2]

(WCJ's Decision at 7.)

Claimant appealed to the Board, arguing that, because Claimant's original injury had been sustained prior to August 31, 1993, the effective date of Act 44, the WCJ erred in concluding that all medical bills incurred by Claimant after that date are subject to the cost-containment provisions of Section 306(f.1) of the Act, which were added by Act 44. The Board affirmed the WCJ's decision, and this appeal ensued.[3]

This appeal presents only one issue for our consideration—whether the provisions of Act 44, specifically Section 306(f.1)(3) of the Act, apply to medical expenses incurred on or after the effective date of that legislation when the claimant's initial work-related injury occurred prior to August 31, 1993, the effective date of Act 44.

Claimant's principal argument on appeal is that Section 306(f.1), as amended by Act 44, "impairs workers' substantive rights" and that the WCJ therefore erred in concluding that Claimant's medical bills are subject to the cost-containment provisions contained in Section 306(f.1)(3) of the amended version of the Act because it constitutes an impermissible retroactive application of Act 44.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(3).

2. Although the parties, the Board and the WCJ repeatedly refer to 306(f) of the Act, that section was deleted in its entirety and replaced by Section 306(f.1) pursuant to the amendments triggered by Act 44. Presumably, it is this section of the Act which Claimant contends should not be retroactively applied.

3. Our standard of review on appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 684 A.2d 673 (Pa.Cmwlth.1996).

Among the salient changes to the Act effectuated by Act 44 was the implementation of a structured process by which the reasonableness and necessity of medical bills could be determined by a neutral utilization review organization in an expedient manner, a legislative attempt by the General Assembly to contain the escalating medical costs to employers in workers' compensation cases. Consistent with this cost-containment objective, the General Assembly enacted Section 306(f.1)(3) of the Act, which limits the amount of money that a health care provider may lawfully charge or accept as payment for health services to 113% of the prevailing charge payable by Medicare.[4] Section 306(f.1)(3) provides in pertinent part as follows:

> (3)(i) For purposes of this clause, a provider shall not require, request or accept payment for the treatment, accommodations, products or services in excess of one hundred thirteen per centum of the prevailing charge at the seventy-fifth percentile; one hundred thirteen per centum of the applicable fee schedule, the recommended fee or the inflation index charge; one hundred thirteen per centum of the DRG payment plus pass-through costs and applicable cost or day outliers; or one hundred thirteen per centum of any other Medicare reimbursement mechanism, as determined by the Medicare carrier or intermediary, whichever pertains to the specialty service involved, determined to be applicable in this Commonwealth under the Medicare program for comparable services rendered.

77 P.S. § 531(3)(i). It is the application of this statutory provision which Claimant disputes in this case.

As noted above, Claimant's sole argument on appeal is that, because her original work-related injury occurred on March 18, 1991, which is prior to the effective date of Act 44 (August 31, 1993), the medical expenses subsequently incurred in connection with a recurrence of that original injury on December 26, 1993, are not subject to the medical expense limitations specified in Section 306(f.1)(3) of the Act because such an application would constitute an impermissible retroactive application of Act 44.

A "retroactive law" is one " 'which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired.' " *Imdorf v. Public School Employes' Retirement System,* 162 Pa.Cmwlth. 367, 638 A.2d 502, 504 (1994) (quoting *Department of Labor & Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.,* 54 Pa.Cmwlth. 376, 421 A.2d 521, 523 (1980)). Furthermore, Section 1926 of the Statutory Construction Act of 1972 provides that: "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S. § 1926.

Notwithstanding the above, a statute may be retroactively applied where it is merely *procedural* and does not alter any *substantive* rights. *E.g., Keystone Coal Mining Corp. v. Workmen's Compensation Appeal Board (Wolfe),* 673 A.2d 418 (Pa. Cmwlth.1996). A substantive right is implicated when the retroactive application of a statute imposes new legal burdens on past transactions. *Id.* On the other hand, procedural statutes establish the method for enforcing a right, but have no bearing on whether a claimant has a legal entitlement to relief under the facts as they exist in a particular case. *Id.*

The nature (procedural or substantive) of the amendments to Section 306(f.1) of the Act was previously addressed by this Court in *Florence Mining Co. v. Workmen's Compensation Appeal Board (McGinnis),* 691 A.2d 984 (Pa.Cmwlth.1997), where we stated:

> Section 306(f.1)(6), setting forth the procedure for review of medical bills, is clearly procedural in nature. All this provision does is implement the procedure by which the reasonableness and necessity of medical bills can be reviewed immediately. Because the section providing the procedure for review of medical bills is not substan-

---

4. Prior to Act 44, an employer was liable for the full cost of reasonable and necessary medical expenses incurred by claimant in connection with his or her work-related injury, regardless of the cost.

tive but procedural, the [utilization review] provisions apply retroactively, even to cases filed prior to [Act 44] for medical bills incurred after August 31, 1993. . . . *Id.* at 987.

██ Similarly, the cost-containment provisions of Section 306(f.1)(3) merely establish the maximum dollar amount of costs which health care providers may lawfully require employers to pay for medical services rendered to claimants, and have no directly adverse impact upon a claimant's substantive right to those medical benefits. In this case, Claimant contends that, although the medical bills incurred after August 31, 1993, total $45,328.86, the amount payable by Employer pursuant to the Act as amended by Act 44 is only $13,645.76. However, pursuant to 34 Pa.Code § 127.211(a), **the claimant** is never liable for the difference between that charged by the health care provider and that paid by the employer:

> A provider may not hold an employe liable for costs related to care for services rendered in connection with a compensable injury under the act. A provider may not bill for, or otherwise attempt to recover from the employe the difference between the provider's charge and the amount paid by an insurer.

34 Pa.Code § 127.211(a). Thus, because Act 44, to the extent it amended the Act by adding Section 306(f.1)(3), in no way alters a **claimant's** entitlement to benefits but only affects the process by which those expenses may be recouped, its provisions may be applied retroactively, *i.e.,* to cases in which the original work-related injury occurred prior to August 31, 1993, but where the medical costs were incurred after that date.

We also note that, even if the relevant provisions of Act 44 were substantive in nature and could not therefore be retroactively applied, this would not change the result of this case. In this factual setting, for all intents and purposes, a claimant does not have any specific actionable entitlement to payment or reimbursement for medical expenses until the claimant has, in fact, incurred such medical expenses. Consequently, it could credibly be argued that Act 44 is not actually being applied retroactively, but

prospectively, where a claimant has incurred medical expenses after August 31, 1993, because the claimant's potential entitlement to payment or reimbursement for those costs did not accrue until after the effective date of Act 44. Similarly, if a retroactive law by definition is one which "relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired," *Imdorf,* the application of Act 44 is also prospective in the sense that, if the relevant transaction, *i.e.,* the incurring of medical costs by the Claimant, does not occur until after the enactment of Act 44, that act is not **"relating back"** to any **"previous** transaction," regardless of when the original work-related injury occurred.

Order affirmed.

### ORDER

**NOW,** August 18, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.