**GIANT EAGLE, INC./OK GROCERY COMPANY, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WEIGAND), Respondent.**

**Giant Eagle, Inc./OK Grocery Company, Petitioner,**

v.

**Workers' Compensation Appeal Board (Levine), Respondent.**

**Giant Eagle, Inc./OK Grocery Company, Petitioner,**

v.

**Workers' Compensation Appeal Board (Singer), Respondent.**

**Giant Eagle, Inc./OK Grocery Company, Petitioner,**

v.

**Workers' Compensation Appeal Board (Jiles), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 2000.
Decided Dec. 18, 2000.

---

Sylvester A. Beozzo, Pittsburgh, for petitioner.

Lawrence R. Chaban, Washington, for respondent.

BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Giant Eagle, Inc./OK Grocery Company (Employer) petitions for review from four orders of the Workers' Compensation Appeal Board (Board) that affirmed four orders of the Workers' Compensation Judge (WCJ) denying Employer's petitions for modification of benefits. In this appeal, we are asked to consider whether Section 306(b)(1) of the Workers' Compensation

Act,[1] as amended by Section 4 of the Act of June 24, 1996, P.L. 350, commonly referred to as Act 57, is applicable to wages and partial compensation benefits paid *after* the effective date of Act 57 with regard to employees who sustained compensable injuries *prior* to the effective date of Act 57.

The significance of which section is applicable lies in the nature of the amendment. The prior Section 306(b)(1) provided that a claimant could not receive more in compensation and wages combined than a fellow employee engaged in employment similar to that which the claimant was engaged in at the time of injury. The amended section limits a claimant's combined wages and benefits to the *current* wages of fellow employees in employment similar to that which the claimant was engaged in at the time of injury (fellow employees). Because we agree with the Board that the amendment is substantive in nature, we affirm.

Thomas Wiegand and Lee Levine were injured in separate incidents during the course of their employment with Employer in 1994. Edward Singer and Donald Jiles were also injured in separate incidents during the course of their employment with Employer in 1995 (collectively, Claimants). Employer recognized each injury and accordingly, issued a notice of compensation payable for each injury.

On February 8 and 9, 1998, Employer filed petitions for modification to each notice of compensation payable. Employer's petitions alleged that Claimants were working forty hours per week and receiving partial disability benefits and, as a result thereof, were receiving combined wages and benefits in excess of the current wages of their fellow employees. Employer therefore concluded that Claimants' receipt of combined wages and benefits in excess of the current wages of Claimants'

fellow employees was in violation of Section 306(b)(1) of the Act, as amended by Section 4 of Act 57.

By agreement of the parties, one hearing was held on all four petitions. With the exception of the findings of fact relating to each Claimants' respective injuries, workers' compensation benefit rates, bills of cost and attorneys' fees, the WCJ made nearly identical findings on all four petitions for modification. The WCJ made no findings, however, relating to the merits of Employer's petitions.

Upon consideration of Employer's petitions, the WCJ concluded that Section 306(b)(1) of the Act, as amended by Section 4 of Act 57, was not applicable to Claimants. The WCJ found that the amended language of the Act was a substantive change in the law and, as such, could not be applied retroactively. On appeal, the Board affirmed.

▆▆▆ We are now asked to consider whether Section 306(b)(1) of the Act, as amended by Section 4 of Act 57, is applicable to wages and partial compensation benefits paid *after* the effective date of Act 57 with regard to employees who sustained compensable injuries *prior* to the effective date of Act 57.[2] On review, we are limited to determining whether constitutional rights were violated, an error of law was committed or whether the necessary findings of fact are supported by substantial evidence of record. *Sears, Roebuck & Co. v. Workers' Compensation Appeal Board (Lear)*, 707 A.2d 618 (Pa.Cmwlth.1998).

At the time of Claimants' respective injuries, Section 306(b)(1) of the Act, relating to the schedule of compensation for partial disability, provided as follows:

[I]n no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than a fellow employe in employment similar to that in which the

---

1. Act (Act) of June 12, 1915, P.L. 736, *as amended*, 77 P.S. § 512(1).

2. By order dated October 25, 1999, this Court granted Employer's application for consolidation.

injured employe was engaged at the time of injury.[3]

Section 4 of Act 57 amended Section 306(b)(1) to read:

> [I]n no instance shall an employe receiving compensation under this section receive more in compensation and wages combined than the **current wages of a fellow employe in employment similar to that in which the injured employe was engaged at the time of the injury.**[4]

Employer maintains that since it is only seeking to modify benefits paid after the enactment of Act 57, it is not seeking retroactive application of the amended Section 306(b)(1). Employer contends that the date of the transaction (the date that benefits are paid) is controlling rather than the date of injury. In addition, Employer argues that Section 4 of Act 57 is procedural in nature because it does not disturb Claimants' vested rights to receive benefits but only alters the remedy.

To counter Employer's arguments, Claimants state that absent a clear and manifest intention on the part of the General Assembly, retroactive application of a statute is not permitted. Claimants further maintain that Section 4 of Act 57 is not merely a procedural amendment to the Act since it directly affects the manner in which benefits are fixed by statute. We agree.

■ A "retroactive law" is defined as one that "relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired." *Imdorf v. Pub. Sch. Employes' Ret. Sys.*, 162 Pa.Cmwlth. 367, 638 A.2d 502, 505 (1994) (quoting *Department of Labor and Ind., Bureau of Employment Sec. v. Pennsylvania Eng'g Corp.*, 54 Pa.Cmwlth. 376, 421 A.2d 521, 523 (1980)). Section 1926 of the Statutory Construction Act of 1972 provides that "[n]o statute may be construed to be retro-

active unless clearly and manifestly so intended by the General Assembly." 1 Pa. C.S. § 1926. Presently, there is no clear legislative intent that Section 4 of Act 57 be applied retroactively.

■ Notwithstanding the general rule, a statute may be applied retroactively where it is merely procedural and does not alter any substantive rights. *Jaquay v. Workers' Compensation Appeal Board (Cent. Prop. Servs.)*, 717 A.2d 1075 (Pa.Cmwlth. 1998). "A substantive right is implicated when the retroactive application of a statute imposes new legal burdens on past transactions." *Id.* at 1077. "On the other hand, procedural statutes establish the method for enforcing a right, but have no bearing on whether a claimant has a legal entitlement to relief under the facts as they exist in the particular case." *Id.*

■ Claimants have an actionable entitlement to continued workers' compensation benefits until such time as they are found to be ineligible for benefits (for example, Claimants may fully recover from their partial disabilities). *See Giant Eagle v. Workmen's Compensation Appeal Board (Chambers)*, 161 Pa.Cmwlth. 35, 635 A.2d 1123 (1993) (a claimant's disability is presumed to continue until proven otherwise). Of particular note here is the fact that Claimants' entitlement to workers' compensation benefits occurred prior to Act 57. Thus, that entitlement relates back to the prior calculation of benefits under former Section 306(b)(1) of the Act.

■ Under former Section 306(b)(1), compensation rates were compared as of the date of injury whereas under Section 4 of Act 57, compensation rates are now compared at the time that the wages are earned. Because Section 4 of Act 57 would change the effective date for calculating the rate of compensation and, thus, the amount of compensation that Claimants would receive, it is substantive in

---

**3.** 77 P.S. § 512(1)(footnote added).

**4.** 77 P.S. § 512(1), as amended by Section 4 of Act 57 (emphasis added)(footnote added).

nature and, therefore, cannot be applied retroactively.

Our decision in *Spatola & Thompson v. Workmen's Compensation Appeal Board (Kissell)*, 43 Pa.Cmwlth. 137, 401 A.2d 877 (1979), helps illustrate that the rate of compensation is determined by the law in effect at the time of the injury. In *Kissell*, the decedent was injured when a case of canned goods struck him in the chest in 1974. Decedent reported to the hospital, where he later suffered a fatal myocardial infarction.

Mrs. Kissell, decedent's widow, filed a claim petition for herself and her minor son in 1975. At the time of decedent's death, Section 307 of the Act[5] limited benefits for a widow and one child to sixty percent of decedent's wages, not to exceed sixty-six and two-thirds of the Statewide average weekly wage. In 1974, the Statewide average weekly wage was $159.00 and decedent's wages were $237.27 per week.

The referee[6] awarded Mrs. Kissell $158.18 a week in benefits until the minor child's eighteenth birthday, whereupon benefits would be reduced to $121.01 per week. The referee's award of benefits, however, did not conform to Section 307 of the Act. Both parties appealed to the Board.

By the time the Board rendered its decision, Section 307 of the Act had been amended to delete those portions of the statute limiting benefits to sixty-six and two-thirds of the Statewide average weekly wage. In its determination, the Board affirmed the referee's award of benefits to Mrs. Kissell, but reduced the amount of benefits to $142.36 a week for the period preceding the minor son's eighteenth birthday pursuant to Section 307 of the Act as amended. The Board affirmed the referee's award of $121.01 a week in bene-fits commencing after the minor son's eighteenth birthday.

On appeal to this Court, we agreed with the employer's contention that the Board applied the wrong statute in calculating Mrs. Kissell's benefits. Noting that the law in effect at the time of injury determines the rate of compensation, we determined that the Board had erroneously reduced the award of benefits pursuant to Section 307 of the Act as amended. Since the Act at the time of decedent's death prohibited Mrs. Kissell from receiving more than sixty-six and two-thirds of the Statewide average weekly wage, we concluded that she was entitled to receive only $106.00 per week in benefits (60% × $237.27 (decedent's wages) = $142.36; however said amount could not exceed sixty-six and two-thirds of the Statewide average weekly wage, 66⅔% × $159.00 (average weekly wage) = $106.00).[7]

In the case sub judice, the law in effect at the time of Claimants' injuries did not provide that a claimant's combined wages and benefits were to be limited to the *current* wages of their fellow employees. To retroactively apply Section 4 of Act 57 to Section 306(b)(1) of the Act would alter Claimants' vested property rights to have their benefits calculated as of the date of their injuries.

We find that Employer's reliance on our decision in *Jaquay*, 717 A.2d 1075 (Pa. Cmwlth.1998), is misplaced. In *Jaquay*, we addressed whether the cost-containment provisions of Section 306(f.1)(3) of the Act, 77 P.S. § 531(3)(i), could be applied retroactively.

The claimant in *Jaquay* filed two claim petitions in 1994, alleging an injury in 1991 and a recurrence of that injury in 1993. She did not suffer a loss of wages as a result of the 1991 injury; however, she

---

**5.** 77 P.S. § 561.

**6.** Prior to the 1993 amendments to the Act, workers' compensation judges were referred to as "referees." Act of July 2, 1993, P.L. 190, commonly referred to as Act 44.

**7.** *See also Culp Ind. Insulation v. Workmen's Compensation Appeal Board (Linker)*, 57 Pa. Cmwlth. 599, 426 A.2d 1263 (1981).

was totally disabled for nearly ten months as a result of the 1993 recurrence.

The claimant's medical expenses for the 1991 injury were completely paid prior to the WCJ hearings, but she subsequently incurred medical expenses in connection with the 1993 recurrence of her original work injury. The WCJ granted both of the claimant's claim petitions and entered an appropriate order. With regard to the outstanding medical expenses, the WCJ applied Section 306(f.1)(3) of the Act, as amended by Act 44,[8] and concluded that the employer was only liable for reasonable and necessary medical expenses. The Board affirmed and the claimant appealed to this Court.

The issue before us in *Jaquay* was whether the amendments to Section 306(f.1)(3) of the Act applied to medical expenses incurred on or after the effective date of that legislation when the claimant's initial work injury occurred prior to the effective date of Act 44. In concluding that the Act 44 amendments to Section 306(f.1)(3) were procedural amendments, we noted that Section 306(f.1)(3) merely established the maximum dollar amount of costs that health care providers may lawfully require employers to pay for medical services rendered to claimants. The Act 44 amendments did not adversely affect the claimant's right to medical coverage. Of significance to our decision in *Jaquay*, however, was the fact that pursuant to

Section 127.211(a) of the Board's regulations, a claimant is never liable for the difference between that charged by health care providers and that paid by the employer.

Presently, Employer relies on our comment in *Jaquay* that even if the relevant provisions of Act 44 were substantive in nature, the result would be the same. In *Jaquay*, we stated that claimants do not have any specific actionable entitlement to payment or reimbursement of medical expenses until those expenses are incurred and therefore, it could be credibly argued that Act 44 is not actually being applied retroactively but prospectively where a claimant incurred medical expenses after the effective date of Act 44.

■ As previously stated, however, Claimants have a vested right in the continuation of workers' compensation benefits until found to be ineligible. *Chambers.* The law in effect on the date of injury determines the method of calculating benefits. *Kissell.*

We further conclude that our recent decision in *Maier's Bakery v. Workers' Compensation Appeal Board (Sandt)*, 751 A.2d 1208 (Pa.Cmwlth.2000) is inapplicable to the present case.[9] Although the Board in *Maier's* did conclude that the Act 57 amendments to the Act should be applied retroactively, the issue was not raised on appeal to this Court and, therefore, was not judicially determined. The focal point

---

8. Section306(f.1)(3) of the Act, as amended by Act 44, provides that:

[f]or purposes of this clause, a provider shall not require, request or accept payment for the treatment, accommodations, products or services in excess of one hundred thirteen per centum of the prevailing charge at the seventy-fifth percentile; one hundred thirteen per centum of the applicable fee schedule, the recommended fee or the inflation index charge; one hundred thirteen per centum of the DRG payment plus pass-through costs and applicable cost or day outliers; or one hundred thirteen per centum of any other Medicare reimbursement mechanism, as determined by the Medicare carrier or intermediary,

whichever pertains to the specialty service involved, determined be applicable in this Commonwealth under the Medicare program for comparable services rendered.
77 P.S. § 531(3)(i).

9. Oral argument in the present case was originally scheduled for June 8, 2000. On May 26, 2000, Claimants filed an application for a continuance and we granted that request on June 1, 2000. Our decision in *Maier's* was filed on May 11, 2000 and thereafter published. In light of *Maier's*, Employer filed a request to file supplemental briefs. By order dated October 16, 2000, we granted Employer's application in order to allow the parties an opportunity to address our decision in *Maier's*.

of our determination in *Maier's* was whether other employees were engaged in employment similar to that in which the claimant was engaged in at the time of his injury.

Accordingly, we affirm the Board's order.

## ORDER

AND NOW, this 18th day of December, 2000, the orders of the Workers' Compensation Appeal Board, at docket numbers A98–4974, A98–4975, A98–4976 and A98–4977, dated August 25, 1999, are AFFIRMED.

Judge PELLEGRINI dissents.