# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Fischer,        :
       Petitioner       :
       :
        v.        :    No. 1011 C.D. 2021
       :    Submitted: February 18, 2022
City of Philadelphia (Workers'     :
Compensation Appeal Board),      :
       Respondent    :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
             **HONORABLE ELLEN CEISLER,** Judge
             **HONORABLE STACY WALLACE,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: May 25, 2022**

Christopher Fischer (Claimant) petitions for review of an August 19, 2021 Order of the Workers' Compensation Appeal Board (Board) that affirmed the January 26, 2021 Decision of a Workers' Compensation Judge (WCJ), granting the Modification Petition filed by the City of Philadelphia (Employer). Claimant argues the impairment rating evaluation (IRE), upon which the modification was based, was performed pursuant to an unconstitutional law, namely Section 306(a.3) of the Workers' Compensation Act (Act),[1] which was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Consistent with this Court's

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.3. Section 306(a.3) was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

precedent, we hold Act 111 is not constitutionally infirm and, accordingly, affirm the Board's Order.

## I.   BACKGROUND

The pertinent facts of this matter are undisputed. On April 19, 2013, Claimant suffered a work-related injury in the course and scope of his employment with Employer. Employer issued a Notice of Compensation Payable accepting the work injury as a left ankle and left lower leg strain and sprain. On June 18, 2020, Employer filed the Modification Petition seeking to have Claimant's benefits changed from temporary total disability to temporary partial disability based upon an IRE performed by Benjamin E. Kaplan, M.D. on June 3, 2020. Dr. Kaplan opined that Claimant reached maximum medical improvement (MMI) and, using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, sixth edition, second printing (*Guides*), concluded Claimant's whole-person impairment was one percent.

Before the WCJ, Claimant did not offer any medical evidence to challenge the impairment rating. Instead, Claimant argued the Modification Petition should be denied because Claimant had yet to receive 104 weeks of total disability as required by Act 111. According to Claimant, approximately 86 weeks had passed since Act 111's enactment on October 24, 2018, and crediting Employer with any weeks of total disability paid before Act 111 was enacted was unconstitutional.

The WCJ concluded he did not have jurisdiction to determine the constitutionality of Act 111, but "the plain language of Act 11[1] does not state that the 104-week period would begin to run as of the October 24, 2018 effective date of the statute." (WCJ's Decision, Conclusion of Law (COL) ¶ 2.) The WCJ found the

2

opinion expressed by Dr. Kaplan in his IRE report was "credibl[e] and persuasively established that Claimant reached [MMI] and had a whole[-]person impairment rating of [one percent] as of June 3, 2020." (WCJ's Decision, Finding of Fact (FOF) ¶ 7.) Accordingly, the WCJ concluded Employer met its burden of proof and granted the Modification Petition, changing Claimant's status from temporary total disability to temporary partial disability as of June 3, 2020, the date of the IRE. (WCJ's Decision, COL ¶ 2 & Order.)

Claimant appealed to the Board, arguing that application of Act 111 to him was unconstitutional and, even if it did apply to injuries predating its enactment, 104 weeks had not passed at the time the Modification Petition was filed, rendering it premature. Similar to the WCJ, the Board stated its review does not encompass constitutional issues, which are outside its jurisdiction. (Board Opinion at 2.) Notwithstanding, the Board noted it can apply the holdings of Pennsylvania appellate courts, which have addressed the constitutionality of Act 111. (*Id.* at 2-3.) Citing *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), and *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), the Board held that Section 3(1) of Act 111 gives employers and insurers credit for weeks of compensation previously paid. (*Id.* at 3-4.) Therefore, the Board rejected Claimant's arguments and affirmed the WCJ's Decision.

Thereafter, Claimant filed a timely Petition for Review.

3

## II.    PARTIES' ARGUMENTS

Before this Court,[2] Claimant argues, as he did before the WCJ and Board, that Act 111 is unconstitutional.   Specifically, he argues Act 111 constituted "a substantive amendment to the [] Act because it changes how disability benefits are determined, and also changes/limits how long an injured worker may receive those benefits." (Claimant's Brief (Br.) at 11.)  According to Claimant, before Act 111, claimants could receive benefits for their lifetimes, whereas now, benefits could be limited to 500 weeks from the date of the IRE.  (*Id.* at 11-12.)  Claimant asserts this violates the injured workers' vested rights.   In addition, Claimant argues Act 111 allows for employers or insurers to receive credit for weeks of indemnity benefits that predate Act 111's enactment, which is likewise unconstitutional.   Because "'[c]laimants have a vested right in the continuation of workers['] compensation benefits until found to be ineligible,'" (*id.* at 26 (quoting *Giant Eagle, Inc./OK Grocery Co. v. Workers' Compensation Appeal Board (Weigand)*, 764 A.2d 663, 666 (Pa. Cmwlth. 2000)), Claimant contends that retroactive application of Act 111 would divest Claimant of a vested, property right in violation of due process and the right to due course of law under the Remedies Clause of article I, section 11 of the Pennsylvania Constitution, PA. CONST. art. I, § 11.[3]  Claimant recognizes that the

---

[2] Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact are supported by substantial evidence.  *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

[3] The Remedies Clause provides, in relevant part:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

Pa. CONST. art. I, § 11.

Court rejected a constitutional attack on Act 111 in *Pierson* but nonetheless asks this Court to reconsider that decision.

Employer responds that this Court has already determined Act 111 is constitutional and can apply in situations such as this. Employer notes that the Court first examined the constitutionality of Act 111 in *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), where the Court held Act 111 was not an unconstitutional delegation of legislative authority like the previous IRE provision, former Section 306(a.2) of the Act, *formerly* 77 P.S. § 511.2.[4] Employer also argues that the Court previously concluded Act 111 provides for a credit to employers and insurers for weeks of compensation paid prior to its effective date in *Rose Corporation*. Finally, Employer points out that the constitutionality of Act 111 was more recently challenged on similar grounds as those raised here and was upheld in *Pierson*. Given this precedent, Employer asks the Court to affirm the Board's Order.[5]

## III.   DISCUSSION

The demise of former Section 306(a.2) and the enactment of Section 306(a.3) through Act 111 has been thoroughly explained in numerous decisions of this Court.

---

[4] Former Section 306(a.2) was added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, and was found unconstitutional in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). It was subsequently repealed by Act 111.

[5] In its brief, Employer also states that Claimant challenges the WCJ's Decision on substantial evidence grounds. (Employer's Br. at 13.) While Claimant states in his Petition for Review that the Board's and WCJ's determinations were not supported by substantial evidence, this issue was not preserved in his appeal to the Board. Moreover, Claimant does not appear to pursue that argument further as there is no discussion of this issue in Claimant's brief. Therefore, to the extent Claimant seeks to pursue this as a basis for reversal, the issue has been waived. *See Beaver Valley Slag, Inc. v. Marchionda (Workers' Comp. Appeal Bd.)*, 247 A.3d 1212, 1221 (Pa. Cmwlth. 2021) ("[A]rguments not fully developed [in a party's brief] will be deemed waived.").

Thus, an exhaustive overview of that history is not needed here. Suffice it to say, Act 111 largely reenacted the IRE provisions found in former Section 306(a.2), which had been struck down as an unconstitutional delegation of legislative authority in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017).[6] Litigants (claimants and employers alike) have been testing its limits ever since.

Section 306(a.3)(1) provides that "[w]hen an employe has received total disability compensation . . . for a period of one hundred and four weeks . . . the employe shall be required to submit to" an IRE upon request. 77 P.S. § 511.3(1). Section 3(1) of Act 111 provides:

> For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [A]ct, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [A]ct.

If an IRE yields an impairment rating equal to or greater than 35% under the *Guides*, "the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation," but if the impairment rating is less than 35%, "the employe shall then receive partial disability benefits." 77 P.S. § 511.3(2).[7] Partial disability benefits are limited to 500 weeks. 77 P.S. § 511.3(7).

---

[6] Act 111 differed from its predecessor in a few regards. First, it specified that IREs were to be performed using the sixth edition, second printing April 2009 version of the *Guides*, instead of "the most recent edition of the . . . Guides," as the former IRE provision did. *Compare* 77 P.S. § 511.3, *with former* 77 P.S. § 511.2. Second, a claimant is now presumed to be totally disabled if their impairment rating was greater than or equal to 35%, whereas under the former IRE provision, the threshold was 50%. *Compare* 77 P.S. § 511.3(2), *with former* 77 P.S. § 511.2(2).

[7] Although the disability status changes, the amount of compensation remains the same. 77 P.S. § 511.3(3).

Claimant asserts because fewer than 104 weeks had passed between the enactment of Act 111 and Dr. Kaplan's IRE, the IRE was premature. Further, Claimant argues counting any prior weeks of temporary total disability benefits violates the Constitution. The challenge before the Court is controlled by this Court's decision in *Pierson.* In that case, the claimant underwent an IRE and had his disability status modified to partial after the enactment of Act 111 and raised several of the same arguments Claimant raises here. The claimant in *Pierson* argued the IRE was invalid as he had not received 104 weeks of temporary total disability benefits after Act 111 was enacted. The claimant also argued Act 111 was a substantive not procedural change in the law and, thus, could not be applied retroactively. Finally, the claimant argued Act 111 violated a claimant's vested right in benefits as secured by due process and the Remedies Clause of the Pennsylvania Constitution.

The Court rejected those arguments. Citing *Rose Corporation*, the Court explained that Act 111 plainly provides for credit of weeks of temporary total and partial disability benefits previously paid and that the General Assembly explicitly provided the credit provisions were to be given retroactive effect. *Pierson*, 252 A.3d at 1179-80. The Court also held that the claimant's "'vested rights' have not been abrogated by Act 111," *id.* at 1180, because "there are reasonable expectations under the Act that benefits may change," *id.* at 1179. We explained that Act 111 did not automatically strip a claimant of any rights; rather, Act 111 provided employers with a mechanism to modify a claimant's disability status from total to partial. *Id.*

Despite numerous invitations from claimants to revisit our holding in *Pierson*, we have declined to do so. *See, e.g., Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed March 16, 2022), slip

7

op. at 9-10, 13; *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022), slip op. at 5-7; and *Dohn v. Beck N' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021), slip op. at 9-10.[8] Claimant, here, proffers no new reason to reexamine *Pierson*. Therefore, "[b]ecause our analysis in *Pierson* is directly applicable and controlling here, we reject Claimant's constitutional challenges to Act 111." *Hender-Moody*, slip op. at 7. Accordingly, we affirm the Board's Order.

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[8] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Fischer,            :
           Petitioner       :
           :
           v.            :    No. 1011 C.D. 2021
           :
City of Philadelphia (Workers'        :
Compensation Appeal Board),        :
           Respondent     :

# O R D E R

**NOW**, May 25, 2022, the Order of the Workers' Compensation Appeal Board, dated August 19, 2021, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge