# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin Zaborowski,               :
                 Petitioner      :
                               :
           v.                :    No. 617 C.D. 2022
                               :    Submitted: December 30, 2022
City of Philadelphia (Workers'     :
Compensation Appeal Board),      :
                   Respondent    :

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                  **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
                  **HONORABLE STACY WALLACE,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: March 28, 2023**

       Robin Zaborowski (Claimant) petitions for review of a May 27, 2022 Order of the Workers' Compensation Appeal Board (Board) that affirmed the December 8, 2021 Decision of a Workers' Compensation Judge (WCJ), granting the Modification Petition filed by the City of Philadelphia (Employer) and modifying Claimant's disability status from total temporary disability to partial disability based upon an impairment rating evaluation (IRE) performed under Section 306(a.3) of the Workers' Compensation Act (WC Act),[1] which was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Claimant raises two issues on appeal: (1) whether applying Act 111 to a claim such as hers, where the injury occurred before Act 111's effective date, would divest Claimant of a vested, property

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.3.

right in violation of the right to due course of law under the Remedies Clause of article I, section 11 of the Pennsylvania Constitution, Pa. Const. art. I, § 11,[2] and (2) whether Act 111 constitutes an unconstitutional delegation of legislative authority. As the Court has previously rejected both arguments on numerous occasions, we affirm the Board's Order.

The instant matter raises purely legal issues, and the pertinent facts are not in dispute. On September 17, 2012, Claimant suffered a work-related injury in the course and scope of her employment with Employer. Employer issued a Notice of Compensation Payable, accepting the work injury as a left ankle sprain. On February 2, 2020, Employer requested Claimant undergo an IRE, which she did on January 21, 2021. Lynn Yang, M.D. performed the IRE and determined Claimant had reached maximum medical improvement and had a whole-person impairment rating of 14% using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, sixth edition, second printing (*Guides*). Thereafter, Employer filed a Modification Petition, seeking to have Claimant's benefits changed from temporary total disability (TTD) to temporary partial disability (TPD) based upon the IRE.

Before the WCJ, Employer submitted the deposition testimony of Dr. Yang, which detailed the IRE and her opinions. Claimant did not offer any medical evidence to challenge the impairment rating and, instead, argued the IRE was unconstitutional.

---

[2] The Remedies Clause provides, in relevant part:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

Pa. Const. art. I, § 11.

Other than noting Claimant preserved the constitutional argument, the WCJ did not address Claimant's argument. The WCJ credited Dr. Yang's uncontroverted opinion. Concluding Employer satisfied its burden, the WCJ granted the Modification Petition and modified Claimant's status from TTD to TPD as of January 21, 2021, the date of the IRE. (WCJ's Order.)

Claimant appealed to the Board, arguing that application of Act 111 to her was unconstitutional, as Claimant's work injury occurred before its enactment. The Board stated its jurisdiction does not encompass constitutional issues, but "where Pennsylvania's appellate courts have addressed constitutional challenges to Act 111, it is proper for the Board to apply those holdings." (Board Op. at 3.) Citing *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), and *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed Aug. 18, 2020), the Board concluded "that the consensus was that Act 111 is not unconstitutional on its face" and that applying Act 111 to a claimant who suffered a work injury before its enactment did not violate the claimant's vested rights. (Board Op. at 3.) Accordingly, the Board, concluding this Court has rejected similar arguments, likewise rejected Claimant's arguments and affirmed the WCJ's Decision.

Thereafter, Claimant filed a timely Petition for Review, asserting that applying Act 111 to a claimant like herself whose work injury predates Act 111's effective date, violates the Remedies Clause, and that Act 111 constitutes an unlawful delegation of legislative authority.[3] Claimant argues Act 111 is a

---

[3] Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact are supported by substantial **(Footnote continued on next page…)**

3

substantive amendment to the WC Act since it limits a claimant's partial disability benefits to 500 weeks, and, before Act 111, claimants could receive benefits for their lifetime. As a result, Claimant argues Act 111 cannot be applied retroactively to an injury that predates its enactment without violating the Remedies Clause. Claimant distinguishes *Bible v. Department of Labor and Industry*, 696 A.2d 1149 (Pa. 1997), in which the Pennsylvania Supreme Court held retroactive application of another provision of the WC Act did not violate the Constitution, asserting there, the rights had not yet been adjudicated, whereas here, they are vested. Claimant asserts "'[c]laimants have a vested right in the continuation of workers['] compensation benefits until found to be ineligible,'" (Claimant's Brief at 26 (quoting *Giant Eagle Inc. v. Workers' Compensation Appeal Board (Weigand))*, 764 A.2d 663, 666 (Pa. Cmwlth. 2000)), which cannot be divested without violating the Constitution. Although Claimant recognizes that the Court rejected a constitutional attack on Act 111 in *Pierson*, Claimant nonetheless asks this Court to reconsider that decision. Claimant also argues Act 111 is an unlawful delegation of legislative authority and therefore unconstitutional on that basis as well.

Employer responds that there is no vested right in the continuation of workers' compensation benefits, which can be modified at any time through the WC Act. Employer also argues that this Court, on a number of occasions, has already rejected the same arguments Claimant posits now.

Because the history of modification of a claimant's benefits through the use of the IRE process has been the subject of numerous opinions, it is not necessary to undergo an in-depth analysis here, but a brief overview is helpful. For approximately

---

evidence. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

two decades, former Section 306(a.2) of the WC Act, *formerly* 77 P.S. § 511.2,[4] provided the means of modifying a claimant's benefits based on an IRE until it was struck down as an unconstitutional delegation of legislative authority in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). Subsequently, the General Assembly enacted Act 111.[5] In addition to setting forth the procedure for IREs, Section 3 of Act 111 also provides that an employer/insurer is entitled to credit for the weeks of TTD or TPD paid prior to Act 111's effective date, which was October 24, 2018. This provision has prompted litigation by claimants and employers alike since its enactment.

A number of claimants have raised the constitutionality of Act 111 on the same bases that Claimant does here. In *Pierson*, the claimant underwent an IRE and had his disability status modified to partial after the enactment of Act 111. The claimant in *Pierson* argued Act 111 was a substantive, not a procedural change in the law and, thus, could not be applied retroactively without violating his vested right in benefits as secured by the Remedies Clause. This Court rejected those arguments, holding that the claimant's "'vested rights' have not been abrogated by Act 111," 252 A.3d at 1180, because "there are reasonable expectations under the Act that benefits may change," *id.* at 1179. We explained that Act 111 did not automatically strip a claimant of any rights; rather, Act 111 provided employers with a mechanism to modify a claimant's disability status from total to partial. *Id.*

---

[4] Former Section 306(a.2) was added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111.

[5] Act 111 differs from its predecessor in a few regards. First, it specifies that IREs are to be performed using the sixth edition, second printing April 2009 version of the *Guides*, instead of "the most recent edition of the . . . Guides," as the former IRE provision did. *Compare* 77 P.S. § 511.3, *with former* 77 P.S. § 511.2. Second, a claimant is now presumed to be totally disabled if their impairment rating is greater than or equal to 35%, whereas under the former IRE provision, the threshold was 50%. *Compare* 77 P.S. § 511.3(2), *with former* 77 P.S. § 511.2(2).

Despite numerous invitations from claimants to revisit our holding in *Pierson*, we have declined to do so. *See, e.g., DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 435 (Pa. Cmwlth. 2022), *appeal denied* (Pa., No. 191 WAL 2022, filed Jan. 3, 2023); *Yuille v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2022, filed Jan. 31, 2023), slip op. at 7-8; *City of Pittsburgh v. Dobbs (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1431 C.D. 2021, filed Jan. 27, 2023), slip op. at 9-10, application for reargument filed Feb. 8. 2023*; Harold v. Abate Irwin, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 879 C.D. 2021, filed June 13, 2022), slip op. at 7-8, *appeal denied* (Pa., No. 192 WAL 2022, filed Jan. 3, 2023); *Hazzouri v. Pa. Tpk. Comm'n (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 889 C.D. 2021, filed Apr. 28, 2022), slip op. at 7-8, *appeal denied* (Pa., No. 223 MAL 2022, filed Nov. 22, 2022); *Bundschuh v. Gwynedd Veterinary Hosp., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 556 C.D. 2021, filed Apr. 11, 2022), slip op. at 7-8, *appeal denied* (Pa., No. 184 MAL 2022, filed Sept. 7, 2022); *Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed Mar. 16, 2022), slip op. at 9-10, 13; *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022), slip op. at 5-7, *appeal denied* (Pa., No. 127 MAL 2022, filed Aug. 23, 2022); *Sobol v. Select Med. Corp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 799 C.D. 2021, filed May 18, 2022), slip op. at 4-5; *Tufano v. Tammy L. Clause, P.C. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 803 C.D. 2021, filed May 13, 2022), slip op. at 9, *appeal denied* (Pa., No. 254 MAL 2022, filed Nov. 21, 2022); *Dohn v. Beck N' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021), slip op. at 9-10, *appeal denied* (Pa., No. 575 MAL 2021,

filed Mar. 14, 2022).[6] Claimant, here, proffers no new reason to reexamine *Pierson*. Therefore, "[b]ecause our analysis in *Pierson* is directly applicable and controlling here, we reject Claimant's constitutional challenges to Act 111." *Hender-Moody*, slip op. at 7.

Claimant's second argument, that Act 111 constitutes an unconstitutional delegation of legislative authority, has likewise been previously decided. In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), the Court held Act 111 was not an unconstitutional delegation of legislative authority like the previous IRE provision.

Because the issues raised herein are controlled by this Court's precedent, we affirm the Board's Order.

_____

**RENÉE COHN JUBELIRER,** President Judge

---

[6] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin Zaborowski,             :

                Petitioner      :

                            :

          v.              :    No.  617 C.D. 2022

                            :

City of Philadelphia (Workers'     :

Compensation Appeal Board),    :

                Respondent   :

# O R D E R

**NOW**, March 28, 2023, the Order of the Workers' Compensation Appeal Board, dated May 27, 2022, is **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER,** President Judge