# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas G. Eiler,                          :
               Petitioner          :
                          :
         v.                              :    No. 1299 C.D. 2022
                          :    SUBMITTED: November 6, 2023
City of Philadelphia (Workers'            :
Compensation Appeal Board),               :
               Respondent          :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: December 18, 2023**

Thomas G. Eiler, Claimant, petitions for review from the decision and order of the Workers' Compensation Appeal Board, which affirmed the decision of the Workers' Compensation Judge (WCJ) modifying Claimant's benefits from Temporary Total Disability (TTD) benefits to Temporary Partial Disability (TPD) benefits for 500 weeks. We affirm.

The facts of this case are not in dispute and the matter presents purely legal issues. Claimant was injured in 2008 in the course of his employment. The City of Philadelphia, Employer, accepted the injury by notice of compensation payable. An Independent Rating Evaluation (IRE) was completed on January 20, 2022, finding a 15% total body impairment based upon the relevant American Medical Association impairment guidelines. Based on this, Employer filed a petition to modify benefits from TTD to TPD pursuant to Section 306(a.3) of the

Workers' Compensation Act (Act),[1] which was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Counsel for Claimant stipulated to the modification of temporary benefits from total to partial, effective January 20, 2022, which was approved by the WCJ in her decision and order. In the stipulation, Claimant preserved his right to challenge the constitutionality of the IRE provisions of the Act. Claimant appealed to the Board, which affirmed. Claimant's petition for review to this Court ensued.

On appeal, Claimant raises the following issues: (1) whether applying Act 111 to a claim such as his, where the injury occurred before Act 111's effective date, would divest Claimant of a vested property right in violation of the right to due course of law under the Remedies Clause of the Pennsylvania Constitution;[2] and (2) whether Act 111 constitutes an unconstitutional delegation of legislative authority.

With regard to his first issue, Claimant argues that Act 111 is unconstitutional because it allows Employer to request an IRE based upon weeks of indemnity benefits paid before the effective date of Act 111. Claimant also argues that Act 111 is a substantive amendment to the Act since it limits a claimant's partial disability benefits to 500 weeks, whereas before Act 111, claimants could potentially receive benefits for their lifetimes. As a result, Claimant argues that Act 111 cannot

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.3. Section 306(a.3) was added by Section 1 of Act of October 24, 2018, P.L. 714, No. 111.

[2] The Remedies Clause provides, in relevant part:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay . . . .

PA. CONST. art. I, § 11.

be applied retroactively to an injury that predates its enactment without violating the Remedies Clause. Claimant distinguishes *Bible v. Department of Labor and Industry*, 696 A.2d 1149 (Pa. 1997), in which the Pennsylvania Supreme Court held retroactive application of another provision of the Act did not violate the Constitution, asserting that there the rights had not yet been adjudicated, whereas here, they are vested. Claimant asserts "'[c]laimants have a vested right in the continuation of workers['] compensation benefits until found to be ineligible,'" which cannot be divested without violating the Constitution. [Claimant's Brief at 26 (quoting *Giant Eagle Inc. v. Workers' Compensation Appeal Board (Weigand)*, 764 A.2d 663, 666 (Pa. Cmwlth. 2000)]. Although Claimant recognizes that the Court rejected a constitutional attack on Act 111 in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), Claimant nonetheless asks this Court to reconsider that decision. Regarding his second issue, Claimant argues that Act 111 is an unlawful delegation of legislative authority and therefore unconstitutional on that basis as well.

We note that Claimant's appeal represents only one of numerous constitutional challenges to Act 111 on similar or, indeed, identical[3] grounds. The Court has uniformly rejected these arguments. *See Pierson* (holding that Act 111 does not violate vested rights because of reasonable expectation that TTD benefits may change under the Act); *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430 (Pa. Cmwlth. 2022) (same), *appeal denied*, 278 A.3d 430 (Pa. 2023); *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa.

---

[3] *See Zaborowski v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 617 C.D. 2022, filed Mar. 28, 2023).

Cmwlth. 2019) (Act 111 is not unconstitutional delegation of authority by General Assembly), *aff'd*, (Pa., No. 88 MAP 2019, filed Aug. 18, 2020).

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas G. Eiler, :
                       Petitioner :
                                    :
                 v. : No. 1299 C.D. 2022
                                    :
City of Philadelphia (Workers' :
Compensation Appeal Board), :
                  Respondent :

# **O R D E R**

AND NOW, this 18th day of December, 2023, the order of the Workers' Compensation Appeal Board is AFFIRMED.

---

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita