# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Gonzalez, : 
               Petitioner : 
                : 
      v. : No. 144 C.D. 2022
                : 
Guizzetti Farms, Inc. (Workers' : 
Compensation Appeal Board), : 
               Respondent : 

Guizzetti Farms, Inc., : 
               Petitioner : 
                : 
      v. : No. 286 C.D. 2022
                : 
Jose Gonzalez (Workers' : 
Compensation Appeal Board), : 
               Respondent : Argued: March 6, 2023

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                      FILED: April 18, 2023

Jose Gonzalez (Claimant) petitions this Court for review of the January 27, 2022 order of the Workers' Compensation Appeal Board (Board), affirming the decision of a workers' compensation judge (WCJ), Donald Poorman (Judge Poorman), that modified Claimant's total disability benefits based on the results of a December 17, 2019 impairment rating evaluation (IRE) conducted pursuant to

Section 306(a.3) of the Workers' Compensation Act (Act).[1]  Claimant argues on appeal that Act 111, which enacted the IRE provisions in Section 306(a.3), cannot be applied retroactively to injuries sustained prior to Act 111's October 24, 2018 effective date, and that the enactment of Act 111 constituted an unlawful delegation of legislative authority.

Also before this Court is the cross-petition for review (PFR) filed by Guizzetti Farms, Inc. (Employer), which argues that Judge Poorman erred in failing to grant Employer a credit for weeks of partial disability benefits it paid to Claimant under former Section 306(a.2) of the Act.[2]

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714 No. 111 (Act 111), 77 P.S. § 511.3.  Act 111 reenacted the IRE provisions contained in former Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of Act 111, which our Supreme Court invalidated as an unconstitutional delegation of legislative authority in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017).

Section 306(a.3) of the Act provides that a claimant who has received total disability benefits for 104 weeks must submit to an IRE conducted pursuant to the 6th Edition (second printing April 2009) of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides), which calculates a claimant's degree of impairment due to the compensable injury.  If a claimant's whole-body impairment (WBI) rating is less than 35%, the claimant shall receive partial disability benefits pursuant to Section 306(b) of the Act.  Section 306(b) of the Act limits a claimant's receipt of partial disability benefits to 500 weeks.  77 P.S. § 512.

[2] Claimant filed a timely PFR on February 21, 2022.  Pa.R.A.P. 1512(a)(2) (Rule 1512(a)(2)) provides that, when one party files a timely PFR, any other party may file a cross-PFR within 14 days of the date it was served the PFR.  On March 31, 2022, Employer filed its cross-PFR *nunc pro tunc*, asserting that Employer was not served a copy of Claimant's PFR until the 14-day period in Rule 1512(a)(2) had expired, thus preventing Employer from filing a timely cross-PFR.  Employer subsequently filed a request for supersedeas on June 1, 2022.  By order dated July 21, 2022, this Court granted Employer's request for *nunc pro tunc* relief and consolidated the two appeals.  The Court denied Employer's request for supersedeas on the basis that Employer would not be irreparably harmed by the denial of supersedeas, as it could seek relief from the supersedeas fund under Section 443(a) of the Act, added by the Act of February 8, 1975, P.L. 25, 77 P.S. § 999(a), upon a determination that Claimant received compensation to which he was not entitled.

After review, we affirm the Board's order in part, reverse in part, and remand for further proceedings.

## I. Background

The underlying facts in this matter are undisputed. Claimant sustained a work injury on February 12, 2006, which Employer accepted through issuance of a notice of compensation payable (NCP) that described Claimant's injury as a contusion to his lower back. Certified Record (C.R.), Item No. 21. On October 14, 2008, Employer filed a Notice of Change of Workers' Compensation Disability Status (Change Notice) modifying Claimant's benefits from total to partial disability based on the results of a September 5, 2008 IRE that assigned Claimant a WBI rating of 0%. C.R., Item No. 6, Judge Poorman Decision, Finding of Fact (F.F.) No. 2; Supplemental Certified Record (S.C.R.), Item No. 3. Claimant did not appeal the modification of his disability status.

Following the Supreme Court's decision in *Protz*, Claimant filed a modification petition on January 12, 2018, seeking reinstatement of his total disability benefits. S.C.R., Item No. 2 at 3. On January 14, 2019, WCJ Karen Wertheimer (Judge Wertheimer) granted Claimant's modification petition, thus reinstating his total disability benefits. *Id.* at 5. Judge Wertheimer noted that, at the time Claimant filed his modification petition, he had not exhausted his 500 weeks of partial disability. *Id.* at 4.

On March 20, 2020, Employer filed a petition to modify Claimant's total disability benefits following a December 17, 2019 IRE conducted by Lynn Yang, M.D., who utilized the 6th Edition, second printing, of the Guides and assigned Claimant a WBI rating of 29%. C.R., Item No. 2; Item No. 22, Yang Deposition,

3

7/31/2020, at 13. Accordingly, Employer sought to have Claimant's disability benefits modified from total to partial, effective December 17, 2019. *Id.*

In a February 9, 2021 decision, Judge Poorman granted Employer's modification petition, based on Dr. Yang's credible testimony and the December 17, 2019 IRE.[3] F.F. No. 10. Judge Poorman overruled constitutional objections Claimant raised to the retroactive application of Act 111 but preserved those issues for appeal. Conclusion of Law (C.L.) No. 1.

Claimant appealed Judge Poorman's decision to the Board, arguing that Act 111 could not be retroactively applied to injuries that preexisted Act 111's effective date and that Act 111 constituted an unlawful delegation of legislative authority. C.R., Item No. 7. Employer also appealed to the Board, arguing that it was entitled to a credit for previously paid weeks of partial disability and that Judge Poorman should have suspended Claimant's benefits based on his receipt of partial disability benefits. C.R., Item No. 9.

The Board affirmed Judge Poorman's decision in a January 27, 2022 opinion and order. C.R., Item No. 11, Board Decision. The Board rejected Claimant's argument that Act 111 could not be applied retroactively, citing several decisions of this Court, including *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169, 1180 (Pa. Cmwlth. 2021), in which we upheld Act 111's constitutionality and recognized that the credit provisions in Section 3 of Act 111 were "explicitly given retroactive effect by the clear language of the General Assembly." The Board similarly rejected Claimant's

---

[3] The WCJ also granted a petition for utilization review (UR) filed by Claimant, seeking a determination as to the reasonableness and necessity of his medical treatment. WCJ Decision at 9. This part of the WCJ's decision is not before the Court, and, therefore, we will not address it further.

4

challenge to Act 111 as an unlawful delegation of legislative authority, citing *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 319 (Pa. Cmwlth. 2020), *affirmed per curiam* (Pa., No. 88 MAP 2019, filed August 18, 2020), in which this Court held that the General Assembly did not impermissibly delegate its legislative authority to the AMA, as the General Assembly adopted the standards set forth in the 6th Edition, second printing, of the AMA Guides as its own when it enacted Act 111.

Regarding Employer's arguments, the Board held that Judge Poorman did not err in failing to grant Employer a credit for previously paid weeks of partial disability. The Board reasoned that Employer failed to present evidence that it paid Claimant 500 weeks of partial disability and that Employer also failed to request a credit for any such payments or request a suspension of Claimant's partial disability benefits. Moreover, the Board noted that Employer did not appeal Judge Wertheimer's January 14, 2019 decision that reinstated Claimant's total disability benefits as of September 5, 2008. As a result, the Board concluded that the reinstatement of Claimant's total disability benefits, effective September 5, 2008, "erased" any partial disability benefits paid by Employer and converted those payments to total disability benefits. Board Decision at 9. Accordingly, "there were no weeks of prior partial disability benefits upon which to award [Employer] a credit or to base a suspension of benefits" at the time Judge Poorman granted Employer's modification petition on February 9, 2021. *Id.* These appeals followed.[4]

---

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, or whether necessary findings of fact are supported by substantial evidence. *City of Phila. v. Workers' Comp. Appeal Bd. (Sherlock)*, 934 A.2d 156, 159 n.5 (Pa. Cmwlth. 2007).

## II. Issues

On appeal, Claimant argues that Act 111 cannot be applied retroactively to injuries sustained prior to Act 111's October 24, 2018 effective date, and that the enactment of Act 111 constituted an unlawful delegation of legislative authority. Employer argues that the Board erred in concluding that Employer was not entitled to a credit for weeks of partial disability it paid Claimant and that any partial disability benefits paid by Employer were erased or nullified by Judge Wertheimer's January 14, 2019 decision reinstating Claimant's total disability benefits as of September 5, 2008.

## III.   Discussion
### A. Claimant's PFR

Section 3(1) of Act 111 provides that, for purposes of calculating whether a claimant has received 104 weeks of total disability benefits and must submit to an IRE under Section 306(a.3) of the Act, an employer "**shall be given credit** for weeks of total disability compensation paid prior to" Act 111's effective date, which is October 24, 2018. 77 P.S. § 511.3, Historical and Statutory Notes (emphasis added). Section 3(2) of Act 111 provides that, for purposes of determining the total number of weeks of partial disability to which a claimant is entitled, an employer "**shall be given credit** for weeks of partial disability compensation paid prior to" Act 111's effective date. *Id.*

Claimant first argues that retroactive application of Act 111 would violate Section 1926 of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. § 1926, which provides that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Claimant also cites Section 15.71 of the Legislative Drafting Manual (Manual), which states:

6

(a) *Use.* If a statute is to apply retroactively, it is necessary to include a provision to achieve this effect. [Section 1926 of the SCA] provides that no statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.

(b) *Form.* A retroactive provision may be in substantially the following form:

"This act shall take effect immediately and shall be retroactive to January 1, 1973."

101 Pa. Code § 15.71.

Claimant contends that, if the General Assembly intended that Act 111 would apply retroactively, it would have done so by including a retroactive provision in the form specified by Section 15.71 of the Manual. Although Claimant acknowledges that Section 3 of Act 111 "contemplates" a recalculation of any partial disability benefits paid to a claimant prior to Act 111's effective date, Claimant nevertheless suggests that Section 3 is insufficiently specific to permit retroactive application of Act 111, either in whole or in part.

We disagree and decline to adopt Claimant's argument that Act 111 cannot apply retroactively, absent language in the form suggested in Section 15.71 of the Manual. Neither Section 1926 of the SCA nor Section 15.71(b) of the Manual mandates the use of specific language in a retroactive provision. Indeed, Section 15.71(b) only suggests that a retroactivity provision "may" follow a particular format; it does not direct the inclusion of specific terms through use of the word "shall," which would denote a mandatory duty eliminating the exercise of discretion. 101 Pa. Code § 15.71(b). *See Lorino v. Workers' Comp. Appeal Bd. (Com. of Pa.)*, 266 A.3d 487, 493 (Pa. 2021) ("shall" establishes a mandatory duty, whereas "may" connotes an act that is permissive).

Although Claimant is correct that statutes are to be given prospective effect only, except where the statute includes clear language to the contrary,[5] the argument he presents to this Court ignores the express language in Section 3 that provides credit "**shall be given**" for weeks of partial and total disability compensation paid to a claimant prior to Act 111's effective date. 77 P.S. § 511.3, Historical and Statutory Notes (emphasis added).

Furthermore, our courts have consistently held that Act 111 applies retroactively with respect to the calculation of a claimant's weeks of total and partial disability paid prior to the effective date of Act 111.[6] This Court cannot ignore the express legislative intent in Section 3 based on the argument Claimant presents, which has been rejected previously by this Court. *See Bundschuh v. Gwynedd Veterinary Hosp., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 556 C.D. 2021, filed Apr. 11, 2022) (retroactive provision in Section 3 of Act 111 not required to follow suggested in Section 15.71(b) of the Manual).

---

[5] *See Keystone Coal Mining Corp. v. Workmen's Comp. Appeal Bd. (Wolfe)*, 673 A.2d 418, 420 (Pa. Cmwlth. 1996) (amendment to Section 204 of the Act, which provided an employer credit for a claimant's receipt of unemployment compensation benefits, did not apply retroactively, as the amendment affected the substantive rights of a claimant, and the relevant legislation did not specify that its provisions should have retroactive effect).

[6] *See Hutchinson v. Annville Twp. (Workers' Comp. Appeal Bd.)*, 260 A.3d 360 (Pa. Cmwlth. 2021) (additional 104-week waiting period not required before employer can request an IRE under Section 306(a.3) of the Act); *Wescoe v. Fedchem, LLC (Workers' Comp. Appeal Bd.)*, (Pa. Cmwlth., No. 1010 C.D. 2021, filed Aug. 16, 2022) (application of Act 111 to work injury that predated Act 111's enactment did not violate the Remedies Clause of the Pennsylvania Constitution); *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022) (upholding the retroactive application of Act 111 to injuries that predate its effective date). Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code § 69.414(a).

Next, Claimant argues that Act 111 suffers the same constitutional defect as former Section 306(a.2) of the Act, as Act 111 adopted the 6th Edition, second printing, of the Guides, the authors of which are not politically accountable. Claimant suggests that, prior to enacting Act 111, the General Assembly should have employed procedural safeguards, such as a notice and comment period, throughout which the AMA's methodology in developing the Guides could be evaluated. While Claimant suggests that the Board erred in relying on *Pennsylvania AFL-CIO*, he fails to explain why that decision is not dispositive of his appeal.

We must reject Claimant's argument for the same reason identified by the Board. As noted by our Supreme Court in *Protz*, the so-called non-delegation doctrine established in article II, section 1 of the Pennsylvania Constitution[7] "does not prevent the General Assembly from adopting as its own a particular set of standards which are already in existence at the time of adoption." *Protz*, 161 A.3d at 838. In *Pennsylvania AFL-CIO*, we held that the General Assembly adopted "as its own" the Sixth Edition, second printing, of the Guides, which existed at the time Act 111 was enacted. *Pa. AFL-CIO*, 219 A.3d at 316.

Having rejected Claimant's arguments, we turn to the undisputed facts in this case. Dr. Yang conducted the December 17, 2019 IRE pursuant to the Sixth Edition, second printing of the Guides, as required by Section 306(a.3) of the Act, and assigned Claimant a WBI rating of 29%, which is less than the threshold required to modify a claimant's disability status to partial disability. Accordingly, the Board properly affirmed Judge Poorman's decision granting Employer's modification petition.

---

[7] Article II, section 1 of the Pennsylvania Constitution provides that "[t]he legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, § 1.

## B. Employer's Cross-PFR

We now turn to the issues raised in Employer's cross-PFR. First, Employer argues that Judge Poorman erred in merely modifying Claimant's disability benefits from total to partial, as Claimant's 500-week period of partial disability expired on April 6, 2018. Employer asserts that its insurer suspended Claimant's partial disability benefits on that date, and Claimant did not object to the suspension. Given that Section 3 of Act 111 explicitly provides that an employer "shall be given credit" for previously paid weeks of total and partial disability benefits, Employer argues that, in addition to granting Employer's modification petition, Judge Poorman should have suspended Claimant's benefits, effective April 6, 2018. Employer maintains that the Board erred in holding that Employer was not entitled to a credit for the 500 weeks of partial disability Claimant received.

Additionally, Employer challenges the Board's conclusion that Employer was required to present evidence that Claimant received 500 weeks of partial disability, as there is no factual dispute in that regard, and Claimant's receipt of partial disability benefits is reflected in Judge Wertheimer's January 14, 2019 decision reinstating Claimant's total disability benefits. As a result, Employer argues that the record sufficiently demonstrates that Employer paid Claimant 500 weeks of partial disability benefits from September 5, 2008, until April 6, 2018, and that Employer is entitled to a credit for such payments under Section 3(2) of Act 111.

Finally, Employer argues that the Board erred in concluding that Judge Wertheimer's January 14, 2019 decision reinstating Claimant's total disability benefits as of September 5, 2008, effectively nullified Claimant's receipt of partial disability benefits and transformed those payments in total disability benefits. Employer relies on the plain language in Section 3(2) of Act 111 that an employer

10

"shall be given credit for weeks of partial disability compensation paid" prior to Act 111's October 24, 2018 effective date, and on *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 562 (Pa. Cmwlth. 2020), in which this Court stated that, per Section 3(2) of Act 111, "any weeks of partial disability previously paid will count towards the 500-week cap on such benefits." Employer suggests that, if the General Assembly intended that an employer's credit for prior payments of total and partial disability could be impacted by the reinstatement of a claimant's total disability benefits, the General Assembly would have included language to that effect in Act 111. Moreover, Employer notes that Judge Wertheimer's January 14, 2019 decision acknowledged the accrual of partial disability benefits. At no point did Judge Wertheimer suggest that Employer's partial disability payments were nullified by the reinstatement of Claimant's total disability benefits. As a result, Employer contends that it was not required to appeal Judge Wertheimer's decision.

For his part, Claimant does not dispute that Employer's insurer suspended his benefits following the expiration of his 500-week period of partial disability. Claimant contends, however, that the Board correctly held that Judge Wertheimer's January 14, 2019 decision reinstating his total disability benefits "erased" the period of partial disability that occurred prior to January 14, 2019. As Employer did not appeal that decision, Claimant maintains that it is not entitled to any credit for payment of partial disability compensation.

We agree with Employer that Section 3(2) of Act 111 expressly grants Employer a credit for previous payments of partial disability. These payments are not "erased," as the Board concluded, or converted into total disability benefits by virtue of the January 14, 2019 WCJ decision reinstating Claimant's benefits,

11

effective September 5, 2008. There is no support for the Board's contrary conclusion, which serves to defeat the purpose of Section 3(2).

We recognize, however, that Judge Poorman made no findings of fact with respect to the extent of Employer's credit under Section 3(2), and Employer's assertion that Claimant's partial disability benefits expired on April 6, 2018, is not substantiated by the record. Therefore, a remand is appropriate for further development of the record, if necessary, and a determination on Employer's entitlement to a credit under Section 3(2) of Act 111.

Accordingly, we affirm the Board's order to the extent it affirmed the WCJ's decision to grant Employer's modification petition. We reverse the Board's order to the extent it affirmed the WCJ's failure to grant Employer a credit for previously paid weeks of partial disability. This matter is remanded to the Board for further remand to the appropriate WCJ, who shall make additional findings of fact and conclusions of law consistent with the foregoing opinion.

_____
ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Gonzalez,                          :
          Petitioner                     :
                                         :
                                         :
          v.                             :  No. 144 C.D. 2022
                                         :
Guizzetti Farms, Inc. (Workers'         :
Compensation Appeal Board),             :
          Respondent                     :

Guizzetti Farms, Inc.,                  :
          Petitioner                     :
                                         :
          v.                             :  No. 286 C.D. 2022
                                         :
Jose Gonzalez (Workers'                 :
Compensation Appeal Board),             :
          Respondent                     :

## **O R D E R**

AND NOW, this 18th day of April, 2023, the January 27, 2022 order of Workers' Compensation Appeal Board (Board) is REVERSED to the extent it denied Guizzetti Farms, Inc. (Employer) a credit for weeks of partial disability paid to Jose Gonzalez (Claimant). The Board's order is AFFIRMED to the extent it granted Employer's modification petition. This matter is remanded to the Board for further remand to a workers' compensation judge, who shall make additional findings of fact and conclusions of law regarding Employer's right to a credit pursuant to Section 3(2) of the Act of October 24, 2018, P.L. 714, for weeks of partial disability paid to Claimant.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge